■ DOMINICK CORIGLIANO, Appellant, v ROSA M. CORIGLIANO, Respondent. [746 NYS2d 313]

A parent who seeks a change of custody is not automatically entitled to a hearing but must make some evidentiary showing sufficient to warrant a hearing (*see Matter of Coutsoukis v Samora,* 265 AD2d 482, 483; *Teuschler v Teuschler,* 242 AD2d 289, 290; *Matter of Miller v Lee,* 225 AD2d 778, 779). A change of custody should be made only if the totality of the circumstances warrants a modification (*see Friederwitzer v Friederwitzer,* 55 NY2d 89, 95-96).

The plaintiff father alleges that the defendant mother now works full time in Connecticut and attends college three nights a week. He further alleges that the parties' eldest child lives with his paternal grandparents during the school week and has repeatedly expressed a desire to reside with him. In view of these allegations, an evidentiary hearing with respect to the branch of the father's cross motion which was, inter alia, to award custody of the subject child to him, is warranted.

The Supreme Court also erred in denying that branch of the father's cross motion which was to appoint a law guardian to represent the subject child separately from his siblings. As the law guardian adopted the position that the subject child remain with the mother and his two siblings at the outset of the proceeding, without making an appropriate inquiry, the potential conflict of interest in the law guardian's continued representation of the subject child warrants the appointment of an independent law guardian for the subject child (*cf. Matter of Carballeira v Shumway,* 273 AD2d 753; *Matter of Rosenberg v Rosenberg,* 261 AD2d 623, 624).

The appellant's remaining contention is without merit. Santucci, J.P., H. Miller, Schmidt and Cozier, JJ., concur.