■ In the Matter of WANDA MIDDLEMISS, Respondent, v VINCENT A. PRATT, Appellant. [926 NYS2d 720]—

Spain, J.P.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 1995). Pursuant to a prior order of custody, the parties shared joint custody of the child and had equal parenting time on alternating weeks. In April 2009, the father commenced a proceeding by filing a petition for enforcement and modification of that order, alleging, among other things, that the mother had failed to deliver the child to him for parenting time beginning in October 2008, and

seeking full custody of the child and that the mother's parenting time be supervised. The mother cross-petitioned for modification, seeking full custody and parenting time with the father as agreed upon by the father and the child. Thereafter, the father filed a second petition, alleging that the mother had violated the prior order of custody, but that petition was dismissed after Family Court determined that the requested relief was identical to certain relief he had sought in his first petition. Just before the commencement of the fact-finding hearing, the father withdrew the first petition, leaving only the mother's modification petition pending before the court.

During the fact-finding hearing, the mother completed her direct testimony but, due to witness availability and upon the consent of the parties, witnesses were then taken out of order, and the father was not afforded an opportunity to cross-examine the mother. The mother called several more witnesses, including the child, who testified in open court under oath. After the child testified, Family Court, sua sponte, concluded that it did not need to permit any cross-examination of the mother or any testimony from the father—or, indeed, to allow the presentation of any further evidence—in order to reach a decision. The court then suspended the father's parenting time and concluded the proceeding and, later, issued a written order embodying its decision. The father subsequently moved the court for reconsideration, but that motion was denied. The father now appeals from the order suspending his parenting time and from the denial of his motion for reconsideration.

The father's main contention on appeal is that Family Court deprived him of his right to procedural due process.* We agree. In a proceeding pursuant to Family Ct Act article 6 seeking modification of a prior custody order, a " 'full and comprehensive hearing' " is required (*Matter of Stukes v Ryan*, 289 AD2d 623, 624 [2001], quoting *Matter of Zupo v Edwards*, 161 AD2d 972, 972 [1990]). At such a hearing, due process requires that a parent be afforded " 'a full and fair opportunity to be heard' " (*Matter of Telsa Z. [Denise Z.]*, 84 AD3d 1599, 1600 [2011], quoting *Matter of Gordon L. v Michelle M.*, 296 AD2d 628, 630 [2002]). Here, Family Court abjectly denied the father due process by refusing him any opportunity to cross-examine a key witness, the mother, present any witnesses or even testify on his own behalf (*cf. Matter of Telsa Z. [Denise Z]*, 84 AD3d at 1600; *Matter of Gordon L. v Michelle M.*, 296 AD2d at 630).

---

* Although the father did not preserve this argument through objection, the argument is properly before us, as Family Court's abrupt termination of the proceedings afforded him no opportunity to enter any objection (*see* Family Ct Act § 1118; CPLR 5501 [a] [3]).

Accordingly, we must reverse and remit for a full hearing on the merits and, given Family Court's wholesale refusal to entertain the father's position, the case should be remitted to a different judge for further proceedings not inconsistent with this decision (*see Matter of Williams v Williams*, 35 AD3d 1098, 1100 [2006]; *Matter of Cornell v Cornell*, 8 AD3d 718, 719-720 [2004]). Moreover, given the circumstances surrounding this improper suspension of the father's parenting time, we direct that, within 14 days from the entry of this order, Family Court conduct a hearing to fashion a temporary order of custody and parenting time. In light of the foregoing, the father's challenge to the denial of his motion for reconsideration has been rendered academic.

Kavanagh, Stein, Garry and Egan Jr., JJ., concur. Ordered that the order entered March 17, 2010 is reversed, on the law, without costs, matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this decision before a new judge, and, within 14 days of the date of entry of this order, the court is directed to conduct a hearing and issue a temporary order of custody and visitation pending a prompt determination of the instant petition. Ordered that the appeal from the order entered April 20, 2010 is dismissed, as academic, without costs.