█ In the Matter of JEFFREY JJ., Respondent, v STEPHANIE KK., Appellant. [931 NYS2d 166]—

Malone Jr., J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2003). Pursuant to a prior order of custody, the parties' apparently shared legal custody of the child; the mother had primary physical custody and the father had liberal visitation time.* The father commenced this proceeding seeking primary physical

---

* The prior order is not included in the record on appeal, which omission ordinarily results in dismissal of the appeal (*see Matter of Pratt v Anthony*, 30 AD3d 708 [2006]). However, since there is no dispute as to the terms of the prior order, which were put on the record in open court by Family Court, we will reach the merits of this appeal (*see Matter of Dann v Dann*, 51 AD3d 1345, 1346-1347 [2008]).

custody of the child after the Rensselaer County Department of Social Services commenced a Family Ct Act article 10 neglect proceeding against the mother and her husband (hereinafter the stepfather) after receiving a report that the stepfather had been intoxicated while driving with the mother, the subject child and another child in the vehicle. At the ensuing fact-finding hearing, the father presented evidence of, among other things, an existing order of protection that prohibited the stepfather from having any contact with the subject child until July 30, 2010. The father then made an oral motion for Family Court to award him custody, which the court granted over the mother's objection, after it concluded that it was "impossible [for] . . . the child's primary residence to be with the mother[,] who is living with [the stepfather,] against whom there is an order of protection." The court further concluded that the issue of the child's best interests had "almost been determined by virtue of the fact that there is an order of protection against" the stepfather. The court then awarded the father primary physical custody of the child with parenting time to the mother. The mother appeals.

The mother's main contention on appeal is that Family Court erred by granting the father's motion without allowing her an opportunity to present any evidence. We agree. "In a proceeding pursuant to Family Ct Act article 6 seeking modification of a prior custody order, a full and comprehensive hearing is required" (*Matter of Middlemiss v Pratt*, 86 AD3d 658, 659 [2011] [internal quotation marks and citations omitted]; *see Matter of Stukes v Ryan*, 289 AD2d 623, 624 [2001]). At such hearing, due process requires that a parent be afforded "a full and fair opportunity to be heard" (*Matter of Middlemiss v Pratt*, 86 AD3d at 659 [internal quotation marks and citations omitted]; *see Matter of Telsa Z. [Denise Z.]*, 84 AD3d 1599, 1600 [2011]). Here, Family Court violated the mother's due process rights when it granted the father's motion for summary judgment on the petition without permitting the mother an opportunity to present any evidence, call any witnesses, or even testify on her own behalf (*see Matter of Middlemiss v Pratt*, 86 AD3d at 659). Notably, while the court believed that the order of protection against the stepfather rendered it impossible for it to award the mother primary physical custody, on cross-examination the stepfather indicated that he was willing to move out of the mother's residence until that order expired. However, the mother was denied an opportunity to present evidence regarding the feasibility of this plan when the court granted the father's motion. Accordingly, we must reverse and remit this matter for a full hearing on the merits. In light of

this decision, we need not address the mother's additional contention.

Mercure, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.