■ In the Matter of ALEXIS AA. and Another, Neglected Children. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; ANGELA YY., Respondent, and BRADLEY AA., Appellant. [941 NYS2d 318]—

Stein, J. Appeals from three orders of the Supreme Court

(Lawliss, J.), entered November 4, 2010 in Clinton County, which, in a proceeding pursuant to Family Ct Act article 10-A, among other things, granted respondent Angela YY. sole custody of the subject children.

Respondent Angela YY. (hereinafter the mother) and respondent Bradley AA. (hereinafter the father) are the unmarried parents of two children (born in 1999 and 2007). The mother and the father shared joint legal custody of the children, with the mother having primary physical custody. After a petition was filed alleging the neglect of both children, the mother and the father each voluntarily admitted to having neglected the children, and Supreme Court placed the children in the custody of their paternal grandparents.

Following the mother's successful completion of all required programs designed to address her substance abuse and mental health issues, petitioner revised its permanency plan to reflect a plan for final discharge of the children to the joint custody of the mother and the father, with primary physical custody to the mother. Supreme Court thereafter determined—with the consent of petitioner, the mother, the father and the attorney for the children—that it was in the children's best interests to return them to the custody of the mother and entered permanency hearing orders which, among other things, terminated the children's placement with petitioner and discharged the children to the mother's custody. In addition, however, the court sua sponte entered an order of custody granting the mother sole physical and legal custody of the children, with visitation to the father. The father now appeals from both the permanency hearing orders and the order of custody.*

The father argues that Supreme Court's sua sponte order granting the mother sole legal custody of the parties' children was in error. We agree. Family Ct Act § 1089 (d) (1) authorizes the court to terminate a child's Family Ct Act article 10-A placement by issuing a permanency hearing order mandating the immediate return of that child to the care of his or her parent (*see* Family Ct Act § 1089 [d] [1]; *Matter of Hayley PP. [Christal PP.—Cindy QQ.]*, 77 AD3d 1133, 1134 [2010], *lv denied* 15 NY3d 716 [2010]). However, the court may not issue a separate custody order determining or modifying the rights of the child's parents to legal custody absent a specific request for such relief

---

* Neither the mother nor petitioner has taken a position on this appeal. Moreover, although the father appealed from Supreme Court's permanency hearing orders, his brief is limited to the propriety of the order awarding sole custody to the mother. Thus, his appeals from the permanency hearing orders is deemed abandoned (*see Matter of Senator NN.*, 305 AD2d 819, 820 [2003]).

made pursuant to Family Ct Act article 6 (*see Matter of Adams v Bracci*, 61 AD3d 1065, 1067 [2009], *lv denied* 12 NY3d 712 [2009]). Before a parent may be deprived of legal custody of his or her child, the parent must be given notice that legal custody is in issue and be afforded an opportunity to present relevant evidence (*see Matter of Jeffrey JJ. v Stephanie KK.*, 88 AD3d 1083, 1084 [2011]; *Matter of Adams v Bracci*, 61 AD3d at 1067). Even if the proper notice is afforded to a parent, an existing order of custody should not be modified absent " 'a showing that there has been a subsequent change of circumstances and modification is required' to ensure the best interests of the children" (*Matter of Laware v Baldwin*, 42 AD3d 696, 696 [2007], quoting Family Ct Act § 467 [b] [ii]; *accord Matter of Hayward v Thurmond*, 85 AD3d 1260, 1261 [2011]; *see Matter of Prefario v Gladhill*, 90 AD3d 1351, 1352 [2011]).

Here, petitioner's permanency plan—to which all parties consented—provided for final discharge of the children to the joint custody of the mother and the father, with primary physical custody to the mother. Supreme Court approved petitioner's permanency goal and issued its permanency hearing orders to reflect the children's discharge to their mother. In view of the lack of notice to the father of the court's intention to modify his pre-existing right to joint legal custody of the children and the resulting deprivation of his due process rights, the court erred in issuing a separate order granting the mother sole legal custody upon the bald assertion that doing so was in the children's best interests. Thus, we reverse that portion of the custody order granting the mother sole legal custody of the parties' children.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order of custody entered November 4, 2010 is modified, on the law, without costs, by reversing so much thereof as awarded sole legal custody of the parties' children to respondent Angela YY., and, as so modified, affirmed. Ordered that the permanency hearing orders entered November 4, 2010 are affirmed, without costs.