The mother and the father are the parents of a son born in California on July 5, 2001. Pursuant to an order of custody and visitation dated July 19, 2006, entered on consent, the mother was awarded custody of the child, with visitation to the father. In May 2007, the father filed a petition alleging that the mother had violated the July 19, 2006, order by cancelling and otherwise interfering with visitation. In August 2007, the father filed additional petitions seeking, inter alia, custody of the child. Therein, he alleged that the mother had moved with the child from Queens County to Greene County and had informed him that he would have to travel to Greene County for visitation, that the child, was six years old at the time and was not yet enrolled in school, and that the mother had demonstrated patterns of neglect and abuse.
*805 The mother appeared before a Court Attorney Referee on December 21, 2007, and acknowledged that she and the child were living in Greene County. She insisted, however, that the father knew about the move, that the move was temporary, and that she intended to bring the child from Greene County for the scheduled visitation. She also stated that the child was registered as home-schooled in Greene County. The Court Attorney Referee, describing the mother’s conduct as “very distressing,” and noting that the mother had a history of interfering with visitation and moving residences, issued a temporary order awarding custody of the child to the father, with unsupervised visitation to the mother. Thereafter, citing a forensic evaluation, the father moved to suspend unsupervised visitation between the mother and the child. After a limited hearing on this motion, the Court Attorney Referee issued a temporary order directing that the mother’s visitation be supervised.
The hearing on the father’s petitions, inter alia, to modify the July 19, 2006, order of custody and visitation, commenced in December 2008, and the father called the mother as his first witness. The direct examination of the mother continued for four days over the course of three months, during which time the father’s attorney, often over objection, questioned the mother on topics including her experience in parochial school, her employment and educational history, her teenage years touring with the band The Grateful Dead, her study of herbal medicine and thoughts on “Western medicine,” the condition of various residences she had maintained since 1999, her religious and dietary preferences, and the manner in which she cared for her dog. During the course of this wide-ranging examination, the mother displayed hostility towards the father’s attorney, her own attorney, and the referee. She had also failed to appear on more than one occasion, citing, among other things, medical issues and transportation problems. Eventually, the mother’s attorney, noting disagreements regarding strategy, an adversely affected attorney-client relationship, more than $46,000 in unpaid bills, and a list of 23 proposed witnesses submitted by the father, moved for leave to withdraw as counsel. The attorney’s motion was granted and the mother was assigned a new attorney. After the mother’s assigned attorney also moved for leave to withdraw as counsel, the father’s attorney urged the court to conclude the hearing and issue a final order in his favor. The Court Attorney Referee agreed and issued a recommendation to that effect.
On July 22, 2010, the Family Court adopted the recommenda *806 tion of the Court Attorney Referee and issued an order, inter alia, concluding the hearing without the need for further testimony, awarding the father sole custody of the child, and awarding the mother only supervised visitation. Thereafter, in an order dated March 30, 2011, the Court Attorney Referee, inter alia, denied the mother’s motion to modify the order dated July 22, 2010, so as to award her unsupervised visitation. On her appeal from the order dated July 22, 2010, the mother’s main contention is that the Family Court erred in concluding the hearing without allowing her an opportunity call any witnesses or introduce any evidence. We agree.
“To modify an existing custody arrangement, there must be a showing of a change in circumstances subsequent to the initial determination that requires modification to protect the best interests of the children” (Matter of Dana H. v James Y., 89 AD3d 844, 845 [2011]; see Matter of Anwar v Sani, 78 AD3d 827, 827 [2010]; Matter of Gurewich v Gurewich, 58 AD3d 628, 629 [2009]; Matter of Fallarino v Ayala, 41 AD3d 714, 714 [2007]). “ Tn a proceeding pursuant to Family Ct Act article 6 seeking modification of a prior custody order, a full and comprehensive hearing is required’ ” (Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d 1083, 1084 [2011], quoting Matter of Middlemiss v Pratt, 86 AD3d 658, 659 [2011]; see Matter of Nalty v Kong, 59 AD3d 723 [2009]; Alix A. v Erika H., 45 AD3d 394, 395 [2007]). “At such hearing, due process requires that a parent be afforded ‘a full and fair opportunity to be heard’ ” (Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d 1083, 1084 [2011], quoting Matter of Middlemiss v Pratt, 86 AD3d at 659). Here, the mother’s due process rights were violated when the hearing was concluded without her being permitted to present any evidence, call the father or any other witnesses, or properly answer the allegations asserted against her (see Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d at 1084; Matter of Middlemiss v Pratt, 86 AD3d at 659).
As the father correctly points out, a person’s right to due process is not violated when she is afforded the opportunity to be heard but chooses not to avail herself of that opportunity (see Matter of Anita L. v Damon N., 54 AD3d 630 [2008]). Here, however, while the mother’s disruptive behavior cannot be condoned or excused, her conduct was not the sole cause of the abrupt termination of the hearing. A review of the record reveals that the father, who had already obtained temporary orders in his favor, sought, through his attorney, to prolong the hearing, inflame the situation, and interfere with the mother’s right to be heard by engaging in an extended direct examination filled *807 with irrelevant details and unsubstantiated accusations, primarily focused on incidents and behaviors that long preceded the prior order of custody and visitation. Under these circumstances, the Court Attorney Referee, by repeatedly refusing to appropriately limit the father’s inquiry and by abruptly concluding the hearing without allowing the mother to present her case, failed to ensure that the mother was afforded a full and fair opportunity to be heard.
Accordingly, the order dated July 22, 2010, must be reversed insofar as appealed from, and the matter remitted to the Family Court, Queens County, for a full hearing on the merits before a different Court Attorney Referee, to be held with all convenient speed, and a new custody and visitation determination thereafter (see Matter of Middlemiss v Pratt, 86 AD3d at 660; Matter of Nalty v Kong, 59 AD3d at 724). Moreover, given the circumstances surrounding this case, we direct that the Family Court conduct a hearing for the purpose of fashioning a temporary order of custody and visitation, and that, within 14 days after the date of this decision and order, the Family Court fashion such an order.
In light of the foregoing, the mother’s appeal from the denial of her motion to modify the order dated July 22, 2010, must be dismissed as academic.
The mother’s remaining contentions are without merit. Eng, EJ., Skelos, Lott and Cohen, JJ., concur.