■ In the Matter of CORRINA WHITEFORD, Respondent, v JENNIFER JONES, Respondent, and DONALD FERRY JR., Appellant. (Proceeding No. 1.) In the Matter of DONALD FERRY JR., Appellant, v JENNIFER JONES et al., Respondents. (Proceeding No. 2.) [960 NYS2d 555]—

Lahtinen, J. Appeals (1) from an order of the Family Court of Greene County (Pulver Jr., J.), entered November 18, 2010, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered June 28, 2011, which, in proceeding No. 2 pursuant to Family Ct Act article 6, granted a motion by the attorney for the children to dismiss the petition and amended petition.

Corrina Whiteford (hereinafter the mother) and Donald Ferry Jr. (hereinafter the father) are the parents of a son (born in 2003) and a daughter (born in 2005). In July 2009, pursuant to a petition filed by the mother, Family Court issued a temporary custody order that awarded sole custody of the children to respondent Jennifer Jones, the children's maternal aunt (hereinafter the aunt), granted the mother supervised visitation, and directed that the father, who was in prison, not be allowed to have any physical or verbal contact with the children. Following a hearing in October 2009, the court issued a subsequent order that awarded the aunt physical custody of the children, with

joint legal custody shared with the mother, and the father again prohibited from having physical, verbal or written contact with the children.

Subsequently, in July 2010, the mother commenced proceeding No. 1 seeking primary physical custody of the children accompanied by joint legal custody with the aunt. Following a hearing at which the father was not present or represented, Family Court issued a November 2010 order "on consent of the parties" that granted the mother full legal and physical custody, with the aunt having visitation as agreed upon by the parties and the father having no contact with the children. The father appeals from that order.

Meanwhile, the father—who had since been released from prison in September 2009 and committed to civil confinement—commenced proceeding No. 2 seeking to modify the November 2010 order to provide him with telephonic visitation with the children and, in the event of his release, supervised visitation. The attorney for the children moved to dismiss that petition. In May 2011, the father filed an amended modification petition, which the attorney for the children also moved to dismiss. Following a hearing at which the father was represented by counsel, Family Court dismissed both petitions and the father also appeals this order.

Because we agree with the father that he was deprived of his right to procedural due process, we must reverse. In a proceeding to modify a prior custody order pursuant to Family Ct Act article 6, due process requires a comprehensive hearing that affords each parent a " 'full and fair opportunity to be heard' " (*Matter of Middlemiss v Pratt*, 86 AD3d 658, 659 [2011], quoting *Matter of Telsa Z. [Denise Z.]*, 84 AD3d 1599, 1600 [2011], *lv denied* 17 NY3d 708 [2011] [internal quotation marks and citations omitted]). Here, it is undisputed that the father was not present or represented at the July 2010 hearing that resulted in the November 2010 custody order at issue, and the order itself merely states that the father "failed to appear due to incarceration." There is no evidence in the record that the father was put on notice of the proceedings, or that he was given the opportunity to appear. Accordingly, the November 2010 order must be reversed (*see Matter of Alexis AA. [Angela YY.—Bradley AA.]*, 93 AD3d 1090, 1092 [2012]). In light of the foregoing, the father's challenge to the dismissal of his modification petitions has been rendered academic.

Peters, P.J., McCarthy and Egan Jr., JJ., concur. Ordered that the order entered November 18, 2010 is reversed, on the law, without costs, and matter remitted to the Family Court of

Greene County for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the order entered June 28, 2011 is dismissed, as academic, without costs.