*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    518480
_____

In the Matter of NICOLE
    RICHARDSON,
                    Appellant,

        v
                                    MEMORANDUM AND ORDER

HASAN ROI MASSEY SR.,
                    Respondent.

(And Another Related Proceeding.)
_____


Calendar Date:  February 20, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____


    Ivy M. Schildkraut, Monticello, for appellant.

    Cliff Gordon, Monticello, for respondent.

    Marcia Heller, Rock Hill, attorney for the child.


                    _____


Devine, J.

    Appeal from an order of the Family Court of Sullivan County
(McGuire, J.), entered January 31, 2014, which, among other
things, granted respondent's application, in two proceedings
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

    Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of a son (born in 2009).
A November 2011 custody order awarded the parties joint legal
custody of the child, with the mother having parenting time from
Saturday to Wednesday and the father having parenting time for

the remainder of the week. In 2013, the mother petitioned, and the father cross-petitioned, for modification of the 2011 order. The mother failed to appear at the commencement of the fact-finding hearing, prompting Family Court to dismiss her petition. Family Court continued the hearing with regard to the father's cross petition, with counsel for the mother participating and the mother arriving shortly thereafter. In the midst of cross-examination of the father, and before the mother could place any of her proof on the record, the parties agreed to a modified order wherein the parties would have joint legal custody of the child and equal parenting time on alternating weeks. After the mother indicated that her work schedule would make it difficult for her to place the child on the school bus every morning, however, Family Court granted sole legal and physical custody to the father and restricted the mother's parenting time to alternating weekends. Family Court then issued a written order embodying its decision.

The mother appeals and contends, among other things, that she was deprived of her right to procedural due process. Initially, while the mother did not object to the altered custodial arrangement at the conclusion of the hearing, her "argument is properly before us, as Family Court's abrupt termination of the proceedings afforded [her] no opportunity to enter any objection" (Matter of Middlemiss v Pratt, 86 AD3d 658, 659 n [2011]; see CPLR 5501 [a] [3]; Family Ct Act § 1118; compare Matter of Gary MM. [Girard MM.], 100 AD3d 1206, 1207 [2012]). We accordingly turn to the merits of that argument and reverse.

It is well settled "that modification of a Family Ct Act article 6 custody order requires a full and comprehensive hearing at which a parent is to be afforded a full and fair opportunity to be heard" (Matter of Damian D. [Travis D.], 126 AD3d 12, ___ , 1 NYS3d 456, 459 [2015] [internal quotation marks and citations omitted]; see Matter of Whiteford v Jones, 104 AD3d 995, 996 [2013], lv dismissed 21 NY3d 974 [2013]; Matter of Middlemiss v Pratt, 86 AD3d at 659). Family Court plainly deprived the mother of such a hearing by preventing her from fully cross-examining the father or submitting her own proof before imposing a custody arrangement to which she had not consented (see Matter of Jeffrey

JJ. v Stephanie KK., 88 AD3d 1083, 1084 [2011]; Matter of Middlemiss v Pratt, 86 AD3d at 659).  We thus remit for a new hearing, although we are unpersuaded that Family Court engaged in the type of "unorthodox and casual" conduct that would warrant the assignment of a new judge (Matter of Cornell v Cornell, 8 AD3d 718, 720 [2004]; see Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d at 1084).  Under the circumstances, the November 2011 order will remain in effect pending further proceedings (see Matter of McCullough v Harris, 119 AD3d 992, 993 [2014]).

In light of the foregoing, we need not address the mother's remaining contentions.

Lahtinen, J.P., Garry and Rose, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, the November 16, 2011 order shall remain in effect as a temporary order.

ENTER:

Robert D. Mayberger
Clerk of the Court