*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                    520246
_____

In the Matter of JENNIFER
   MARIE SMITH,
                    Appellant,

      v
                                        MEMORANDUM AND ORDER
DEBBIE MARIE ANDERSON,
                    Respondent,
                    et al.,
                    Respondent.

(And Another Related Proceeding.)
_____


Calendar Date:  February 8, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

                    _____


        Heather A. Clickner, Saratoga Springs, for appellant.

        Trinidad M. Martin, Glens Falls, for Debbie Marie Anderson
respondent.

        Elizabeth A. Donahue, Glens Falls, attorney for the
children.

                    _____


Egan Jr., J.

        Appeal from an order of the Family Court of Washington
County (Wait, J.), entered August 6, 2014, which, among other
things, dismissed petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

Petitioner (hereinafter the mother) and respondent Shawn M. Rock (hereinafter the father) are the parents of two daughters (born in 2000 and 2001). In June 2003, the children's maternal grandmother, respondent Debbie Marie Anderson (hereinafter the grandmother), was awarded temporary custody of the girls pending further proceedings. Following the filing of various petitions, Family Court (Berke, J.) – in February 2004 – awarded the grandmother sole legal and physical custody of the children; the mother was granted supervised visitation, along with access to the children's medical and school records.[1] The mother subsequently filed a modification petition and, in September 2009, Family Court (Pritzker, J.), upon stipulation of the parties, awarded the mother unsupervised visitation with her children at such times as she and the grandmother could mutually agree.[2]

In July 2013, the mother commenced the first of these proceedings seeking to modify the September 2009 order and to obtain sole legal and physical custody of her daughters. Following service of an amended petition in March 2014, the mother commenced the second of these proceedings in June 2014 seeking to enforce the terms of an unspecified Family Court order that purportedly prohibited the grandmother from, among other things, discussing the court proceedings with the children.[3] On July 21, 2014, two months after Family Court (Wait, J.) conducted a Lincoln hearing, the parties appeared before the court for a hearing on the mother's petitions – with Family Court hearing

---

[1] The father apparently consented to the award of custody to the grandmother.

[2] The 2009 order indicated that the mother was seeking modification of the June 2003 order – not the subsequently entered February 2004 order.

[3] Although the father was named as a respondent in the mother's respective petitions, he did not file an answer and, with the exception of a brief colloquy with Family Court (Wait, J.) as to the issue of child support arrears, did not otherwise appear or participate in these proceedings.

testimony from the mother, her therapist and her sister.  At the conclusion of this first day of testimony, the mother indicated that she had no additional witnesses and rested.  Family Court then inquired as to the number of witnesses that the grandmother anticipated calling, in response to which counsel stated, "Probably just my client, [J]udge."  After consulting with counsel regarding the amount of time that would be needed to complete this testimony, Family Court scheduled the matter for a continuation of the hearing on August 11, 2014.  However, on August 6, 2014, Family Court issued a written decision and order dismissing the mother's modification and enforcement petitions finding, among other things, that the grandmother had established extraordinary circumstances and, further, that it would be in the children's best interests to remain in her custody.  The mother now appeals.

"[T]here is no question that modification of a Family Ct Act article 6 custody order requires a full and comprehensive hearing at which a parent is to be afforded a full and fair opportunity to be heard" (Matter of Damian D. [Patricia WW.], 126 AD3d 12, 16 [2015] [internal quotation marks and citations omitted]; see Matter of Schroll v Wright, 135 AD3d 1028, 1029 [2016]; Matter of Richardson v Massey, 127 AD3d 1277, 1278 [2015]; Matter of Whiteford v Jones, 104 AD3d 995, 996 [2013], lv dismissed 21 NY3d 974 [2013]; Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d 1083, 1084 [2011]).  Generally speaking, a full and fair opportunity to be heard includes the "opportunity to cross-examine a key witness" and to present evidence on one's own behalf (Matter of Middlemiss v Pratt, 86 AD3d 658, 659 [2011]).  Here, while the mother indeed was permitted to call witnesses and to testify on her own behalf, we are not persuaded that she was afforded a full and fair opportunity to be heard, nor are we persuaded that Family Court's resolution of these matters is supported by a sound and substantial basis in the record.

We note at the outset that it was the grandmother who bore the burden of proof relative to the mother's custody petition.[4]

_____

    [4]  Had there been a prior judicial finding of extraordinary circumstances, the mother would have been required to demonstrate

In this regard, even assuming — without deciding — that the grandmother could rely upon the mother's own testimony, together with the "extended disruption of custody" provisions of Domestic Relations Law § 72, to establish the requisite extraordinary circumstances (see generally Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1048 [2014]), the fact remains that "Family Court's abrupt termination of the proceedings" (Matter of Richardson v Massey, 127 AD3d at 1278 [internal quotation marks and citation omitted]) precluded a meaningful best interests analysis, leaving the court — in our view — with insufficient information upon which to reach a reasoned conclusion on this point.[5]  Notably, as

a sufficient change in circumstances since entry of the prior custody order and, if such a showing was made, that modification of the prior order was warranted to ensure the children's continued best interests (see Matter of Ray v Eastman, 117 AD3d 1114, 1114 [2014]; Matter of Cusano v Milewski, 68 AD3d 1272, 1273 [2009]).  Absent such a finding, however, the mother was "not required to prove a change in circumstances as a threshold matter" (Matter of Dumond v Ingraham, 129 AD3d 1131, 1132-1133 [2015]; see Matter of McBride v Springsteen-El, 106 AD3d 1402, 1404 [2013]).  Here, nothing on the face of the record provided to this Court indicates that a prior finding of extraordinary circumstances was in fact made.  Further, despite some apparent confusion on this point at the hearing, the grandmother has acknowledged in her brief that, given the absence of such a finding, she indeed was required to establish the existence of extraordinary circumstances to warrant depriving the mother of custody.  Hence, despite the fact that the mother was the petitioning party, it was the grandmother — as the nonparent — who bore the initial burden of proof (see Matter of Rumpff v Schorpp, 133 AD3d 1109, 1110 [2015]).

[5]  To the extent that the grandmother argues that this issue is unpreserved for our review, we need note only that, given the manner in which Family Court terminated the hearing, the mother had no opportunity to object (see Matter of Richardson v Massey, 127 AD3d at 1278).  Further, the mother's asserted failure to subsequently move to reopen the proof cannot excuse Family Court's failure to conduct a comprehensive hearing in the first

it pertained to the grandmother, virtually no proof was adduced with respect to any of the recognized best interests factors and, absent such proof, Family Court could not properly assess and weigh the parties' respective strengths and weaknesses, including their "respective abilities to provide stable homes for the children, their relationships with the children and ability to guide and provide for them . . . and the parties' willingness to foster a positive relationship between the children and the other party" (Matter of Rumpff v Schorpp, 133 AD3d 1109, 1111 [2015] [internal quotation marks, brackets and citation omitted]; see Matter of Battisti v Battisti, 121 AD3d 1196, 1198 [2014]). Again, even assuming that, based upon past performance, the children were thriving in the grandmother's care, little to no current information was provided to Family Court regarding, among other things, the grandmother's health, home environment, financial resources or relationship with the children.[6]

More to the point, it is clear from the record that the parties expected to return to court on August 11, 2014 for a continuation of the hearing, at which the grandmother would testify, and the absence of such testimony may well have impacted the mother's presentation of her case, i.e., the mother reasonably could have anticipated exploring certain issues on cross-examination of the grandmother or offering additional testimony to rebut the grandmother's proof. Under these circumstances, and given the unexpected manner in which these proceedings ended, it cannot be said that Family Court's determination — dismissing both the mother's modification and enforcement applications — was the product of a full and comprehensive hearing conducted in accordance with basic principles of due process. We are similarly unpersuaded that, given the paucity of the proof adduced, Family Court's determination is supported by a sound and substantial basis in

---

instance (compare Matter of Gary MM. [Girard MM.], 100 AD3d 1206, 1207 [2012]).

[6] Indeed, the only testimony on this latter point came from the mother, wherein she related that the grandmother was favoring one child over the other.

the record.  Accordingly, Family Court's order is reversed and these matters are remitted for a new hearing.

        As a final matter, we do not find that Family Court abused its discretion in failing to appoint separate attorneys for the mother's children.  While siblings' divergent interests may warrant separate representation (see Matter of James I. [Jennifer I.], 128 AD3d 1285, 1286 [2015]), the attorney for the children here had represented their interests for a number of years, was well acquainted with the parties' history, inquired of the children as to their wishes and reported the children's preferences to Family Court.  Under these circumstances, we have no quarrel with Family Court's decision to continue the joint representation (see Barbara ZZ. v Daniel A., 64 AD3d 929, 933-934 [2009]; compare Corigliano v Corigliano, 297 AD2d 328, 329 [2002]).

        McCarthy, J.P., Rose, Devine and Clark, JJ., concur.

        ORDERED that the order is reversed, on the law, without costs, and matters remitted to the Family Court of Washington County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court