■ In the Matter of CARDUCK BAGOT, Appellant, v STEPHANIE McCLAIN, Respondent. [49 NYS3d 175]—

Appeal by the father from an order of the Family Court, Queens County (Carol Ann Stokinger, J.), dated September 28, 2015. The order, after a hearing, dismissed the father's petition for visitation with the subject child, without prejudice.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner and the respondent are the parents of a daughter born in December 2009. The father was incarcerated when the child was four months old, and has not had any contact with her since that time. While incarcerated, the father commenced this proceeding pursuant to Family Court Act article 6 seeking visitation with the child. The Family Court ordered a forensic evaluation of the parties and the child; the evaluator concluded that reintroducing the child to the father

while he was incarcerated would be "highly disruptive" and "possibly traumatic" for the child. In February 2015, upon learning that the father expected to be released from prison in 90 days, the court issued an order granting the father three psychologist-supervised visits with the child, to be held after his release from prison. The father was not released from prison as anticipated, and the supervised visitation never occurred.

At a court appearance on September 28, 2015, the father, who was still incarcerated, appeared via video conference. However, there was a defective audio connection, and the father's voice could not be heard. The mother and the attorney for the child requested that the father's petition be dismissed without prejudice because the father's prison release date was unknown and the arrangement to reintroduce the child to the father could not be carried out until he was released. The father's counsel argued against dismissal and requested an adjournment. The Family Court dismissed the father's petition without prejudice, and the father appeals.

The father's sole contention on appeal—that the Family Court deprived him of due process by dismissing his petition at an appearance at which there was a defective audio connection—is unpreserved for appellate review, as it was not raised before the Family Court (*see Matter of Kleevuort C. [Fredlyn V.]*, 84 AD3d 1371, 1371 [2011]) and, in any event, is without merit. "The right to be heard is fundamental to our system of justice" (*Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365, 372-373 [2008]), and " 'even an incarcerated parent has a right to be heard on matters concerning [his or] her child, where there is neither a willful refusal to appear nor a waiver of appearance' " (*Matter of Locklear v Andrews*, 118 AD3d 1001, 1003 [2014], quoting *Matter of Tristram K.*, 25 AD3d 222, 226 [2005]; *see Matter of Thomson v Battle*, 99 AD3d 804, 806 [2012]; *Matter of Kendra M.*, 175 AD2d 657, 658 [1991]). Here, the father was afforded due process since he was represented by an attorney who advocated for his interests (*see Matter of Otrosinka v Hageman*, 144 AD3d 1609, 1610 [2016]; *cf. Matter of Locklear v Andrews*, 118 AD3d at 1003; *Matter of Whiteford v Jones*, 104 AD3d 995, 996 [2013]; *Matter of Thomson v Battle*, 99 AD3d at 806; *Matter of Tristram K.*, 25 AD3d at 226).

Moreover, since the visitation petition was dismissed without prejudice, the father was free to file another petition. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.