Appeal by the maternal grandmother from an order of the Family Court, Kings County (Adam Silvera, J.), dated March 23, 2016. The order, upon the granting of the father’s motion to dismiss the petition for grandparent visitation for lack of standing, made after the conclusion of the maternal grandmother’s direct examination at a hearing on the issue of standing, dismissed the petition.
 

 Ordered that the order is affirmed, with costs to the father payable by the petitioner.
 

 The petitioner, who is the maternal grandmother of the subject child, commenced this proceeding seeking visitation with the child. After the conclusion of the petitioner’s direct examination at a hearing on the issue of standing, the child’s father, who has sole custody of the child, moved to dismiss the petition for lack of standing. The Family Court granted the father’s motion and, thereupon, in the order appealed from, dismissed the petition.
 

 Contrary to the petitioner’s contention, the Family Court properly determined that she lacked standing to seek visitation with the child, as she failed to demonstrate at the hearing that the father frustrated her visitation with the child, or otherwise demonstrate that conditions exist which equity would see fit to intervene (see Domestic Relations Law § 72 [1]; Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182-183 [1991]; Matter of Troiano v Marotta, 127 AD3d 877, 878-879 [2015]; Matter of Bender v Cendali, 107 AD3d 981, 982-983 [2013]). Moreover, under the unique circumstances of this case, the Family Court properly granted the father’s motion to dismiss after the conclusion of the petitioner’s testimony (see CPLR 4401; cf. Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d 1083, 1084 [2011]).
 

 The petitioner’s remaining contention is without merit.
 

 Mastro, J.R, Hall, Sgroi and Duffy, JJ., concur.