Matter of Oliver A. (Oguis A.-D.) (2018 NY Slip Op 08640)





Matter of Oliver A. (Oguis A.-D.)


2018 NY Slip Op 08640


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-12528
 (Docket Nos. N-10172-15, N-10175-16)

[*1]In the Matter of Oliver A. (Anonymous). Suffolk County Department of Social Services, appellant; Oguis A.-D. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Walgely A. (Anonymous). Suffolk County Department of Social Services, appellant; Oguis A.-D. (Anonymous), respondent. (Proceeding No. 2)


Dennis M. Brown, County Attorney, Central Islip, NY (Jennifer L. Basile of counsel), for appellant.
Gina M. Scelta, Huntington, NY, for respondent.
Michael M. McClellan, Central Islip, NY, attorney for the children.
In two related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Bernard Cheng, J.), dated October 13, 2017. The order, insofar as appealed from, after a fact-finding hearing, dismissed those branches of the neglect petitions alleging that the father had inflicted excessive corporal punishment on the child Walgely A. on June 18, 2016, and, upon finding that the father, inter alia, neglected Walgely A. by inflicting excessive corporal punishment on her in November



DECISION & ORDER
2015, failed to direct the father to participate in a domestic violence program.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On June 27, 2016, the petitioner filed petitions pursuant to Family Court Act article 10 alleging that the father had neglected the child Walgely A., and derivatively neglected the child Oliver A., by perpetrating two acts of excessive corporal punishment on Walgely. After a fact-finding hearing, the Family Court found that the petitioner failed to establish, by a preponderance of the evidence, that the father had inflicted excessive corporal punishment on Walgely on June 18, 2016, and dismissed those branches of the petitions alleging the infliction of excessive corporal punishment on that date. The court based its conclusion, in part, upon Walgely's recantation, at the fact-finding hearing, of her previous claim that she was abused on June 18, 2016. However, the court found that the father neglected Walgely and derivatively neglected Oliver, as the petitioner had [*2]established, by a preponderance of the evidence, that the father had inflicted excessive corporal punishment on Walgely in November 2015. After a dispositional hearing, the court, inter alia, failed to direct the father to participate in a domestic violence program.
In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor (see Matter of Ferrer v Brown, 165 AD3d 929; Matter of Maximus G., 165 AD3d 660). Here, the court's credibility determination is supported by the record and will not be disturbed on appeal.
Further, the Family Court did not improvidently exercise its discretion in failing to appoint separate attorneys for the children during the fact-finding hearing after Walgely requested to return to the father's home (see Matter of Smith v Anderson, 137 AD3d 1505, 1509; Barbara ZZ. v Daniel A., 64 AD3d 929, 934; cf. Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1148; Matter of James I. [Jennifer I.], 128 AD3d 1285, 1286; Coriglano v Corigliano, 297 AD2d 328, 329).
Under the circumstances of this case, the Family Court did not improvidently exercise its discretion in not directing the father to participate in a domestic violence program.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court