Matter of Liska J. v Benjamin K. (2019 NY Slip Op 05347)





Matter of Liska J. v Benjamin K.


2019 NY Slip Op 05347


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

525622

[*1]In the Matter of LISKA J., Respondent,
v
BENJAMIN K., Appellant. (And Another Related Proceeding.)

Calendar Date: June 5, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


The Arquette Law Firm, Clifton Park (Alexandra J. Buckley of counsel), for appellant.
Elena DeFio Kean, Albany, for respondent.
Peter J. Scagnelli, Albany, attorney for the child.



MEMORANDUM AND ORDER
Lynch, J.P.
Appeal from an order of the Family Court of Albany County (Maney, J.), entered May 16, 2017, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a child (born in 2011). After the parties separated in August 2015, they shared physical custody of the child pursuant to an informal agreement. They also entered into a mediation agreement in July 2016, set to begin with the start of the school year in September 2016. After an incident involving a custody exchange in August 2016, the mother filed two separate petitions seeking primary physical custody of the child. Family Court issued a temporary order awarding her primary physical custody, while suspending the father's visitation. By mid-September 2016, the father's parenting time was reinstated and then adjusted in October 2016 to alternate weekends, with an overnight every Wednesday. Following a three-day trial in March 2017, Family Court awarded the parties joint legal custody, with the mother having primary physical custody, and continued the October 2016 visitation schedule. The father appeals.
The father maintains that he was deprived of procedural due process when Family Court excluded testimony as to his fitness as a parent. An initial custody determination must be based upon the best interests of the child, taking into account all relevant factors, including "the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Alleyne v Cochran, 119 AD3d 1100, 1100-1101 [2014] [internal quotation marks and citations omitted]). By this standard, the court must assess the qualifications of both parents in determining what custody determination best serves [*2]the interests of the child. In its decision, Family Court expressly held that because the father did not also file a custody petition, it could "only take into consideration the testimony brought by the mother." There were several instances during the trial where the court precluded testimony from the father and his witness because he did not file a petition. As a result, the father was prevented from addressing all of the relevant factors, including who should be the primary custodian and what he did to foster a relationship between the child and the mother. The father's stepfather was precluded from testifying as to his observations of the father as a parent. The father was allowed to briefly testify as to his average day with the child at the conclusion of testimony on March 29, 2017. When testimony resumed on March 31, 2017, the court precluded further testimony as to the average day, allowed a brief statement as to inside activities and then sustained an objection as to outside activities.
We are mindful that the father did not raise any objections at trial to Family Court's evidentiary limitations. We are also mindful that the father was able to briefly testify as to his interactions with the child. That said, this court has inherent authority to exercise its discretion and correct fundamental errors (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; Matter of Kyle FF., 85 AD3d 1463, 1463-1464 [2011]). In our view, the court's failure to allow the father a full and fair opportunity to present evidence, coupled with the court's own limitations on its decision, constitutes a fundamental due process error requiring reversal of Family Court's order (see Matter of Smith v Anderson, 137 AD3d 1505, 1507-1509 [2016]; Matter of Richardson v Massey, 127 AD3d 1277, 1278 [2015]). Given the limited record presented, the matter must be remitted to Family Court for a new hearing.
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the facts, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.