Matter of Panizo v Douglas (2025 NY Slip Op 00966)

Matter of Panizo v Douglas

2025 NY Slip Op 00966

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-01864
 (Docket No. V-2738-18/23B)

[*1]In the Matter of Katherine Panizo, respondent, 
v
Dalon Douglas, appellant.

Bonnie C. Brennan, New Windsor, NY, for appellant.
Paul N. Weber, Cornwall, NY, for respondent.
Keith G. Ingber, Thompson Ridge, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated February 7, 2024. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify an order of the same court dated June 25, 2020, made on consent of the parties, so as to award her sole legal and physical custody of the parties' child, with parental access to the father.
ORDERED that the order dated February 7, 2024, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new hearing and a new determination thereafter in accordance herewith; and it is further,
ORDERED that pending a new determination, the custody and parental access provisions of the order dated February 7, 2024, shall remain in effect.
The parties, who were never married, have one child in common, born in 2017. Pursuant to an order dated June 25, 2020 (hereinafter the prior order), made on consent of the parties, the mother and father were awarded joint legal and physical custody of the child, with the child alternating every week between the parties' residences. In April 2023, the mother filed a petition to modify the prior order so as to award her sole legal and physical custody of the child. Although the father failed to appear on the second and third days of a hearing on the mother's petition after the Family Court denied his requests for adjournments, his attorney participated in the hearing. After the hearing, the court, among other things, granted the mother's petition and set forth a parental access schedule for the father. The father appeals.
"The granting of an adjournment rests in the sound discretion of the hearing court upon a balanced consideration of all relevant factors" (Matter of Neferteir A.R. [Jesse R.R.], 221 AD3d 605, 606 [internal quotation marks omitted]; see Matter of Steven B., 6 NY3d 888, 889). "The determination to grant or deny an adjournment will not be overturned absent an improvident exercise of discretion" (Matter of Katie M.T.-J. v Jemel D.T., 206 AD3d 651, 652; see Matter of Logan R. [Manuel R.], 168 AD3d 946, 947). While adjournments are within the discretion of the hearing [*2]court, the range of that discretion is narrowed where a fundamental right of the parties is involved (see generally Matter of Evan F., 29 AD3d 905, 907). Generally, in a proceeding pursuant to Family Court Act article 6 seeking modification of a prior custody and visitation order, a full and comprehensive hearing is required, where due process requires that a parent be afforded a full and fair opportunity to be heard (see Matter of King v Peters, 165 AD3d 669, 671; Matter of Thomson v Battle, 99 AD3d 804, 806).
After balancing the relevant factors, we find that under the circumstances of this case, the Family Court improvidently exercised its discretion in denying the father's request for an adjournment, as the court's denial of the requests for adjournment deprived the father entirely of his right to testify on his own behalf in the custody modification hearing, thereby depriving him of a full and fair evidentiary hearing (see Matter of Thomson v Battle, 99 AD3d at 806; Matter of Middlemiss v Pratt, 86 AD3d 658, 659; see generally Matter of Sullivan v Sullivan, 24 AD3d 455, 456; cf. Matter of Bella S. [Alice Y.-S.], 225 AD3d 883, 884; Matter of Bagot v McClain, 148 AD3d 882, 883; Matter of Sean P.H. [Rosemarie H.], 122 AD3d 850, 851).
Accordingly, the order must be reversed insofar as appealed from, and the matter remitted to the Family Court, Orange County, for a full hearing on the merits of the mother's petition, to be held with all convenient speed, and a new determination thereafter.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court