Matter of Casey Q. v Jeffrey O. (2025 NY Slip Op 01981)

Matter of Casey Q. v Jeffrey O.

2025 NY Slip Op 01981

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

CV-22-2181
[*1]In the Matter of Casey Q., Respondent-Appellant,
v
Jeffrey O., Appellant-Respondent. (And Other Related Proceedings.)

Calendar Date:February 19, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Rebecca L. Konst, Syracuse, for appellant-respondent.
Pamela B. Bleiwas, Ithaca, for respondent-appellant.
Andrea J. Mooney, Ithaca, attorney for the child.

Ceresia, J.
Cross-appeals from a corrected order of the Family Court of Cortland County (David Alexander, J.), entered November 18, 2022, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of the subject child (born in 2017). Although the mother and the father were living together at the time of the child's birth, the relationship deteriorated soon after and the mother moved out with the child. The mother and the father were able to informally share custody until the COVID-19 pandemic resulted in differences of opinion concerning parenting decisions. Beginning in November 2020, the parties filed a series of competing petitions, each seeking, among other things, sole legal and physical custody of the child.
A 12-day fact-finding hearing was held between November 2021 and July 2022. At the end of the twelfth day of the hearing, the father's direct testimony had begun but had not yet been completed, and he had yet to be cross-examined by the mother's attorney or the attorney for the child. Family Court adjourned the hearing to be continued on a future date. However, the court thereafter issued a sua sponte order precluding all further testimony and directing the parties to submit written closing arguments. Ultimately, the court awarded the father sole legal custody and devised a parenting schedule that granted the mother parenting time approximately two days per week. These cross-appeals ensued.
The parties, as well as the attorney for the child, share the view that Family Court improperly ended the hearing before its completion, and we agree. At a hearing on an initial custody determination, due process requires that each party be provided a full and fair opportunity to be heard (see Matter of Liska J. v Benjamin K., 174 AD3d 966, 968 [3d Dept 2019]; Matter of Damian D. [Patricia WW.], 126 AD3d 12, 16 [3d Dept 2015]). The parties must be permitted to present evidence on their own behalf and " 'cross-examine . . . key witness[es]' " (Matter of Smith v Anderson, 137 AD3d 1505, 1507 [3d Dept 2016], quoting Matter of Middlemiss v Pratt, 86 AD3d 658, 659 [3d Dept 2011]). Aside from due process considerations, a court's "abrupt termination of the proceedings [may] preclude[ ] a meaningful best interests analysis, leaving the court . . . with insufficient information upon which to reach a reasoned conclusion" (Matter of Smith v Anderson, 137 AD3d at 1508 [internal quotation marks and citations omitted]).
Recognizing that this custody proceeding largely turned upon the credibility of the mother and the father, each of whom alleged that the other was an unfit parent, Family Court deprived both parties of a full and fair opportunity to be heard by inexplicably cutting off the father's direct testimony and failing to allow any cross-examination of him. Further, given that [*2]the court granted the father sole legal and primary physical custody of the child in the face of the mother's allegations that the father had committed numerous acts of domestic violence, including in front of the child, the court's failure to allow cross-examination of the father deprived it of sufficient information to perform a meaningful best interests analysis (see Matter of Williams v Williams, 35 AD3d 1098, 1100 [3d Dept 2006]). Accordingly, we reverse and remit for a new fact-finding hearing (see Matter of Smith v Anderson, 137 AD3d at 1507; Matter of Middlemiss v Pratt, 86 AD3d at 660).[FN1] In light of our conclusion herein, the parties' remaining contentions have been rendered academic.
Egan Jr., J.P., Aarons, Pritzker and Lynch, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matters remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: As the father's attorney represented at oral argument that the hearing judge has since recused himself, this matter will now proceed before a different judge.