Matter of April V. v Jonathan U.

2026 NY Slip Op 02702

April 30, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of April V., Respondent,

v

Jonathan U., Appellant. (And Another Related Proceeding.)

Decided and Entered:April 30, 2026

CV-25-0403

Calendar Date: February 10, 2026

Before: Clark, J.P., Aarons, Pritzker, Mcshan And Corcoran, JJ.

James P. Youngs, Syracuse, for appellant.

Lisa K. Miller, McGraw, for respondent.

Robert C. Kilmer, Binghamton, attorney for the children.

[*1]

Aarons, J.

Appeal from a corrected order of the Family Court of Broome County (Mark Young, J.), entered February 18, 2025, which, among other things, in a proceeding pursuant to Family Ct Act article 8, denied respondent's motion to vacate an order of protection.

Petitioner commenced this proceeding in November 2023 seeking an order of protection against respondent. After an initial appearance and subsequent conferences at which the parties variously appeared virtually, in person or through counsel, respondent failed to appear for the April 2024 in-person hearing. Family Court directed respondent's counsel to leave the courtroom, at which point respondent's counsel offered to have respondent appear virtually, asserting that respondent was in "hiding" in light of criminal charges filed against petitioner in connection with her alleged stalking of, and firing a rifle at, respondent in August 2023. The court implicitly denied respondent's request by again directing respondent's counsel out of the courtroom. The hearing proceeded, during which petitioner testified and was subject to cross-examination by the attorney for petitioner's children. At the conclusion of the hearing, the court issued an order of protection on default against respondent in favor of petitioner and her children. Respondent thereafter moved to vacate the order of protection, which motion the court denied. From that denial, respondent appeals. We reverse.

Typically, "[a] party seeking to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense to the underlying claim" (Matter of Hohenforst v DeMagistris, 44 AD3d 1114, 1116 [3d Dept 2007] [internal quotation marks and citations omitted]). "No such showing is required, however, where a party's fundamental due process rights have been denied" (Matter of King v King, 167 AD3d 1272, 1273 [3d Dept 2018] [internal quotation marks and citations omitted]). In this case, respondent's counsel attended in person evidently ready to proceed, offered an excuse for respondent's nonappearance and provided an alternate means to move forward in his absence (compare Matter of Gabriel VV. [Joni TT.], 236 AD3d 1161, 1161-1162 [3d Dept 2025]; Matter of Winter II. [Kerriann II.], 227 AD3d 1142, 1144 [3d Dept 2024], lv denied 42 NY3d 903 [2024]). Respondent's counsel made no application to withdraw, and Family Court did not relieve respondent's counsel, and thus respondent's attorneys remained counsel of record when they were dismissed from the courtroom without explanation (see CPLR 321 [b]; see generally Matter of Richard TT. [Kara VV.], 223 AD3d 1070, 1071 [3d Dept 2024], appeal dismissed 41 NY3d 989 [2024]). The court's atypical conduct in that regard, coupled with the court's choice to decline available options to proceed in respondent's absence, deprived respondent of his opportunity to be heard (see CPLR 321 [a]; see generally Matter of Thomson v Battle, 99 AD3d 804, 806-807 [2d Dept 2012]; Matter of Middlemiss [*2]v Pratt, 86 AD3d 658, 659 [3d Dept 2011]).

Finally, we decline respondent's request to direct Family Court to permit respondent to appear virtually for any proceedings that may be required upon remittal, as we leave such a determination to Family Court's discretion. Respondent's remaining contentions are academic.

Clark, J.P., Pritzker, McShan and Corcoran, JJ., concur.

ORDERED that the corrected order is reversed, on the law, without costs; order of protection vacated; and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.