■ In the Matter of CHAYA S., Appellant, et al., Petitioner, v FREDERICK HERBERT L. et al., Respondents. [697 NYS2d 679] —In a proceeding for child visitation by Chaya S. based on her status as the biological mother of the subject child (*see, Matter of Chaya S. v Frederick Herbert L.,* 259 AD2d 620), the petitioner Chaya S. appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated May 13, 1999, which denied the application.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Queens County, for a new hearing and a new determination in accordance herewith, following complete psychological evaluations of the parties, which hearing shall be held with all convenient speed.

"As with custody determinations, the primary consideration in deciding the issue of visitation is the best interest of the child" (*Matter of Rogowski v Rogowski,* 251 AD2d 827). Accordingly, after finding that the petitioner Chaya S., the biological mother of a now thirteen-year-old child who was adopted at a young age by the petitioner's parents, had standing to seek visitation, this Court remitted the matter to the Surrogate's Court for a hearing to determine if such visitation was in the best interests of the child (*see, Matter of Chaya S. v Frederick Herbert L., supra*).

Although a hearing has now been held, the record does not contain an adequate basis on which to make a determination of the best interests of the child. The insufficiency of the record is due to the absence of admissible evidence regarding the psychological health of the parties and the impact visitation would have on the child. Because the record is insufficient to make a best interests determination, we reverse the order appealed from and remit the matter for evaluations of the parties by a mental health professional and for a new hearing and a new determination on the issue of visitation which takes those evaluations into account (*see, Matter of Buffin v Mosley,* 263 AD2d 962; *Matter of Folsom v Folsom,* 262 AD2d 875). Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.