■ In the Matter of CRAIG JOOSTEN, Appellant, v CAROL JOOSTEN, Respondent. [724 NYS2d 335] —In a proceeding pursuant to Family Court Act article 6, the petitioner father appeals from an order of the Family Court, Nassau County (Koenig, J.), entered August 5, 1999, which denied his applications, *inter alia*, to modify an order of the same court, dated March 12, 1998, awarding the mother custody of the parties' children, and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the applications are reinstated, and the matter is remitted to the Family Court, Nassau County, for a hearing in accordance herewith, on condition that the petitioner provide the respondent with notice of the proceedings in accordance with Domestic Relations Law § 75-f.

The parties have two children and the mother is the custodial parent. Pursuant to an order of the Family Court dated March 12, 1998, the father was given certain visitation rights. The mother subsequently absconded with the children and relocated to Arizona. The father filed various applications in the Family Court seeking modification and enforcement of his visitation rights and, ultimately, a change in custody. The Family Court dismissed the applications without conducting a hearing.

"[W]illful interference with a noncustodial parent's right to visitation is 'so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as a custodial parent' " (*Matter of Glenn v Glenn*, 262 AD2d 885, 887; *see, Entwistle v Entwistle*, 61 AD2d 380). Consequently, under the circumstances of this case, there should be a hearing on the custody issue and, if necessary, the visitation issues raised in the applications (*see, Entwistle v Entwistle, supra*), provided the mother is given notice of the proceedings (*see,* Domestic Relations Law § 75-f).

The father's remaining contentions are either unpreserved for appellate review or without merit. Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.