■ In the Matter of NATHAN GUREWICH, Appellant, v LINDA GUREWICH, Respondent. [872 NYS2d 141]—

In a child custody proceeding pursuant to Family Court Act article 6 to modify the custody and visitation provisions of the parties' judgment of divorce, the father appeals from (1) an order of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated April 15, 2008, which, without a hearing, granted that branch of the mother's motion which was to dismiss the amended petition, and (2) an order of the same court dated June 16, 2008, which granted that branch of the mother's motion which was for an award of an attorney's fee in the sum of $3,810.

Ordered that the order dated April 15, 2008 is reversed, on the law, that branch of the mother's motion which was to dismiss the amended petition is denied, and the matter is remitted to the Family Court, Queens County, for a hearing and, thereafter, a new determination on the amended petition; and it is further,

Ordered that the order dated June 16, 2008 is reversed, on the facts and in the exercise of discretion, and that branch of the mother's motion which was for an award of an attorney's fee in the sum of $3,810 is denied; and it is further,

Ordered that one bill of costs is awarded to the father.

"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child" (*Matter of Fallarino v Ayala,* 41 AD3d 714 [2007]; *see Matter of Hongach v Hongach,* 44 AD3d 664 [2007]; *Matter of Heuthe v McLaren,* 1 AD3d 514 [2003]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Fallarino v Ayala,* 41 AD3d at 714-715). "[W]illful interference with a noncustodial parent's right to visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent" (*Matter of Joosten v Joosten,* 282 AD2d 748 [2001]; *see Entwistle v Entwistle,* 61 AD2d 380, 384-385 [1978]).

A parent seeking a change of custody is not automatically entitled to a hearing but must make some evidentiary showing of a change in circumstances sufficient to warrant a hearing (*see Matter of Hongach v Hongach,* 44 AD3d at 664; *Matter of Miller v Lee,* 225 AD2d 778 [1996]). The Family Court erred in granting, without a hearing, that branch of the mother's motion which was to dismiss the father's amended petition to modify the custody and visitation provisions of the parties' judgment of divorce, as the father presented evidence of a change of circumstances sufficient to warrant a hearing (*see Matter of Weinberg v Weinberg,* 52 AD3d 616 [2008]; *Matter of Nikolic v Ingrassia,* 47 AD3d 819 [2008]; *Matter of Markey v Bederian,* 274 AD2d 816, 817 [2000]; *Matter of Sandra C. v Christian D.,* 244 AD2d 551 [1997]; *Matter of King v King,* 225 AD2d 697, 698 [1996]; *Matter of Sullivan v Sullivan,* 216 AD2d 627, 628 [1995]; *Frank R. v Deborah Ann R.,* 204 AD2d 615, 616 [1994]).

Accordingly, the Family Court improvidently exercised its discretion in granting that branch of the mother's motion which was for an award of an attorney's fee on the basis that the father's amended petition was without merit (*see* Domestic Relations Law § 237 [b]; *O'Brien v O'Brien,* 66 NY2d 576, 590 [1985]). Mastro, J.P., Miller, Carni and McCarthy, JJ., concur.