■ In the Matter of KEVIN J. ROSS, Appellant, v KRISTI S. ROSS, Respondent. [890 NYS2d 127]—

"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child" (*Matter of Fallarino v Ayala*, 41 AD3d 714, 714 [2007]; *see Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398 [2006]; *Scheuering v Scheuering*, 27 AD3d 446, 447 [2006]; *Matter of Heuthe v McLaren*, 1 AD3d 514 [2003]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Fallarino v Ayala*, 41 AD3d at 714-715). Willful interference with a noncustodial parent's right to visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent (*see Matter of Gurewich v Gurewich*, 58 AD3d 628, 629 [2009]; *Matter of Joosten v Joosten*, 282 AD2d 748 [2001]; *Entwistle v Entwistle*, 61 AD2d 380, 384-385 [1978]). A parent seeking a change of custody is not automatically

entitled to a hearing, but must make some evidentiary showing of a change in circumstances sufficient to warrant a hearing (*see Matter of Hongach v Hongach,* 44 AD3d 664 [2007]; *Matter of Miller v Lee,* 225 AD2d 778 [1996]).

The Family Court erred in granting the mother's motion to dismiss the father's petition to modify a prior order of custody and visitation awarding her sole legal custody of the parties' children, as the father alleged a change of circumstances sufficient to warrant a hearing (*see Matter of Gurewich v Gurewich,* 58 AD3d at 629; *Matter of Darla N. v Christine N.,* 289 AD2d 1012 [2001]; *cf. Matter of Davies v Davies,* 223 AD2d 884, 885-887 [1996]). Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.