■ NICHOLAS HOWARD, Respondent, v SARAH LAIRD, Appellant. [911 NYS2d 476]—

In an action for a divorce and ancillary relief, the defendant

appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), dated August 1, 2009, as granted those branches of the plaintiff's motion which were to enforce the provisions of a so-ordered stipulation dated February 23, 2009, and a stipulation of settlement dated April 27, 2009, and directed that he is entitled to "Monday and Tuesday Parenting Time" with the parties' son on alternate weeks during the first half of the summer when school is not in session, and for an award of a counsel fee.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, the branch of the plaintiff's motion which was for an award of a counsel fee is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith, including a hearing, if necessary, and thereafter a de novo determination of those branches of the plaintiff's motion which were to enforce the provisions of a so-ordered stipulation dated February 23, 2009, and a stipulation of settlement dated April 27, 2009, to direct that he is entitled to "Monday and Tuesday Parenting Time" with the parties' son on alternate weeks during the first half of the summer when school is not in session.

In February and April 2009, the parties entered into stipulations which set forth a highly detailed arrangement for shared parenting of their eight-year-old son. Among other things, the stipulations provided that the father would have "Monday and Tuesday Parenting Time" on alternate weeks, from the end of the school day on Mondays until 6:00 P.M. on Tuesdays. The stipulations also contained provisions for increasing the length of the father's "weekend" parenting time during the summer, and for dividing the period between August 1st and Labor Day, designated as the "Final Summer Vacation," equally between the parents. The stipulations specified that the provision for visitation during "Final Summer Vacation" was to supercede the provision for visitation during "all alternating weekend and other time," thus giving each parent an uninterrupted block of time to spend with the child for this portion of the summer. However, the stipulations did not specifically address whether the father was to have "Monday and Tuesday Parenting Time" during the first half of the summer, from the close of school in late June until the commencement of "Final Summer Vacation" on August 1st, and it is unclear from the language of the stipulations whether the father is entitled to such parenting time during the first half of the summer. Moreover, it appears from the record that the parties never negotiated this specific issue,

and never reached a mutual understanding as to whether the "Monday and Tuesday Parenting Time" schedule would remain in place during the first half of the summer when school is not in session. Under these circumstances, we remit the matter to the Supreme Court, Westchester County, for further proceedings, including a hearing if necessary, to determine what parenting schedule would be in the best interests of the child for the first half of the summer (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In making its determination, the Supreme Court should give consideration to minimizing the necessity for the child to travel between the mother's vacation home in Vermont and the father's home in Nyack by expanding the length of the father's summer "weekend" parenting time in lieu of granting him parenting time on alternate Mondays and Tuesdays.

Furthermore, under the circumstances of this case the Supreme Court improvidently exercised its discretion in granting that branch of the father's motion which was for a counsel fee award (*see* Domestic Relations Law § 237 [b]; *Matter of Gurewich v Gurewich*, 58 AD3d 628 [2009]; *see also Matter of Cooke v Alaimo*, 44 AD3d 655, 655-656 [2007]; *Bertone v Bertone*, 15 AD3d 326 [2005]). Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.