In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colangelo, J.), dated October 23, 2012, as, without a hearing, denied those branches of his motion which were to modify a so-ordered stipulation dated February 9, 2011, so as to award him sole legal custody of the subject children and suspend the defendant’s visitation with the children, unless supervised, and granted that branch of the defendant’s motion which was to direct him to pay the defendant the sum of $15,693.50, with statutory interest, representing the unpaid balance of a court-ordered lump-sum payment in the amount of $160,000.
Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiffs motion which were to modify the so-ordered stipulation dated February 9, 2011, so as to award him sole legal custody of the subject children and suspend the defendant’s visitation with the children, unless supervised; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester *792 County, for a hearing on those branches of the plaintiffs motion which were to modify the so-ordered stipulation dated February 9, 2011, and for a new determination on those branches of the motion thereafter; and it is further,
Ordered that pending the hearing and new determination, the defendant’s visitation with the subject children shall consist of visits on two days per week, two hours per day, and the defendant shall not operate a motor vehicle with the subject children as passengers.
The plaintiff father and the defendant mother entered into a stipulation of settlement dated February 9, 2011 (hereinafter the stipulation), which was so-ordered by the Supreme Court. The stipulation, inter alia, awarded the parties joint legal custody of their then-14-year-old twins (hereinafter together the children), and the plaintiff was awarded residential custody, with certain unsupervised visitation to the defendant.
The plaintiff moved, inter alia, to modify the provisions of the stipulation so as to award him sole legal custody of the children and to suspend the defendant’s visitation with the children, unless supervised. The plaintiff alleged, among other things, that the defendant operated a motor vehicle in an impaired state, and that her behavior posed a danger to the safety and well-being of the children. The plaintiff also sought an order directing the defendant to attend and complete programs in drug and alcohol rehabilitation and anger management. Pending the determination of the plaintiff’s motion, the parties agreed to certain supervised visitation, and the Supreme Court, in effect, issued a temporary restraining order prohibiting the defendant from operating a motor vehicle with the children as passengers.
Prior to the determination of the plaintiffs motion, the defendant moved to adjudicate the plaintiff in contempt of court for breaching the stipulation. The defendant alleged, inter alia, that the plaintiff failed to pay her $15,683.50 of a lump-sum payment of $160,000 (hereinafter the lump sum payment), as provided in the Stipulation.
In an order dated October 23, 2012, the Supreme Court, among other things, denied those branches of the plaintiffs motion which were to modify the stipulation so as to award him sole legal custody of the subject children and suspend the defendant’s visitation with the children, unless supervised, and granted that branch of the defendant’s motion which was to direct the plaintiff to pay the sum of $15,693.50, with statutory interest, representing the unpaid balance of the lump sum payment.
The plaintiff appeals. By decision and order on motion dated *793 December 17, 2012, this Court granted that branch of the plaintiffs motion which was to stay enforcement of the order dated October 23, 2012, pending the hearing and determination of this appeal, to the extent that the defendant’s visitation with the children was limited to visits on two days per week, two hours per day, and the defendant was prohibited from operating a motor vehicle with the children as passengers.
“In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child[ren]” (Matter of Fallarino v Ayala, 41 AD3d 714, 714 [2007]; see Matter of Ross v Ross, 68 AD3d 878, 878 [2009]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). A party seeking a change in custody is entitled to a hearing where the movant has made an evidentiary showing of “a sufficient change in circumstances demonstrating a real need for a change of custody in order to insure the [children’s] best interests” (Matter of Nava v Kinsler, 85 AD3d 1186, 1186 [2011]; see Anonymous 2011-1 v Anonymous 2011-2, 102 AD3d 640, 641 [2013]; Matter of Ross v Ross, 68 AD3d at 878).
Here, the plaintiff made the necessary showing entitling him to a hearing regarding those branches of his motion which were to modify the stipulation so as to award him sole legal custody and suspend the defendant’s visitation with the children, unless supervised (see Anonymous 2011-1 v Anonymous 2011-2, 102 AD3d at 641; Matter of Ross v Ross, 68 AD3d at 878; Matter of Gurewich v Gurewich, 58 AD3d 628, 629 [2009]). Furthermore, the record does not demonstrate that the Supreme Court possessed adequate relevant information to enable it to make an informed and provident determination as to the children’s best interest so as to render a hearing unnecessary (see Matter of New v Sharma, 91 AD3d 652, 653 [2012]; Matter of Riemma v Cascone, 74 AD3d 1082, 1083 [2010]). Accordingly, the Supreme Court erred in denying those branches of the plaintiffs motion which sought a modification of the existing custody arrangement, without first conducting a full evidentiary hearing to ascertain the children’s best interests (see Galanti v Kraus, 85 AD3d 723, 724 [2011]; Matter of Gross v Gross, 7 AD3d 711, 712 [2004]).
There is no merit to the plaintiffs remaining contention that the Supreme Court erred in directing him to pay the balance of the lump sum payment.
Accordingly, we remit the matter to the Supreme Court, West- *794 Chester County, for a hearing on those branches of the plaintiffs motion which were to modify the stipulation so as to award him sole legal custody and suspend the defendant’s visitation with the children, unless supervised, and for a new determination on those branches of his motion thereafter. In the interim, and until further order of the Supreme Court, the defendant’s visitation with the children shall consist of visits on two days per week, two hours per day, and the defendant shall not operate a motor vehicle with the children as passengers. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.