■ In the Matter of ATHENA H.M., Appellant, v SAMUEL M., Respondent. [38 NYS3d 898]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about January 13, 2016, which granted respondent father's motion to dismiss the amended petition for a modification of custody, without a hearing, unanimously reversed, on the law and the facts, without costs, the motion denied, and the matter remanded for proceedings consistent herewith.

In the context of their divorce proceedings, the parties stipulated to joint custody of their two children, with physical custody to petitioner mother. About six years later, petitioner relinquished physical custody to respondent because she was medically unable to care for the children. Respondent then brought a petition to modify the custody order to grant him sole custody. Petitioner, appearing by telephone and without legal counsel, consented to modify the custody order to grant sole custody to the father, with visitation to be worked out between the parties and frequent telephone contact.

Approximately a year later, petitioner, still acting pro se, moved to enforce visitation, and requested appointment of counsel to challenge the custody order. After counsel was appointed for her, she moved to amend her petition to seek modification of the custody order based on changed circumstances, including the expressed preference of the younger child, then 13 years old, to resume living with her. Respondent consented to the motion to amend, and cross-moved to dismiss the amended petition, on the ground that petitioner had not provided any evidence of changed medical condition.

In response, petitioner submitted evidence of the younger child's preference, his growing apprehension about staying with respondent, and respondent's maltreatment of the child. She submitted evidence that she was addressing the mental health concerns that had led to her initial consent to relinquish custody to respondent and evidence that she had sought treat-

ment for issues relating to a history of domestic violence and that she had obtained new living quarters for herself and the younger child. The child supported the petition and asked for an in camera hearing (*see Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]).

Without meeting with the child or considering the sworn allegations of domestic abuse (*see* Domestic Relations Law § 240 [1]), the court granted the motion to dismiss. This was error.

Petitioner presented sufficient evidence to warrant a plenary hearing to determine whether the totality of the circumstances warrants a modification of the custody order, including its limited visitation provisions and the grant of complete decision-making authority to respondent, and whether such a change is in the best interests of the child (*see St. Clement v Casale*, 29 AD3d 367, 368 [1st Dept 2006]; *see also S.L. v J.R.*, 27 NY3d 558, 564 [2016] [rejecting application of "the 'adequate relevant information' standard" for deciding whether to hold a hearing where facts material to the best interests analysis remain in dispute]). The child's wishes, to be discerned from an interview, should be considered in making the determination (*see Matter of Olimpia M. v Steven M.*, 228 AD2d 270 [1st Dept 1996]). Concur—Mazzarelli, J.P., Acosta, Richter, Kapnick and Gesmer, JJ.