In the Matter of JENNIFER J.H., Appellant, v ARTRIEO J.R., Respondent. [48 NYS3d 748]—

Appeal by the mother from an order of the Family Court, Dutchess County (Denise M. Watson, J.), entered January 8, 2016. The order, without a hearing, dismissed the mother's petition to modify a prior order of that court so as to award her unsupervised visitation with the subject child.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a hearing to determine the best interests of the child and for a new determination on the mother's petition to modify the prior visitation order.

The petitioner is the biological mother of the subject child, who was born in 2005, and the respondent is the stepfather of the child, who was appointed the child's legal guardian in 2010. The mother left the child with the stepfather and was out of their lives for several years. In 2013, the mother petitioned to have visitation with the child in a therapeutic setting and the Family Court, on consent of the parties, directed therapeutic visitation in an order dated November 7, 2013. Several visits occurred, and then stopped during the summer of 2015. The mother then filed a new petition alleging that visitation had ceased and seeking to modify the prior order so as to award her unsupervised visitation with the child. Without holding a hearing, the court dismissed the petition, relying on the recommendation of the child's therapist, who indicated that there should be no visitation between the mother and the child at that time. The mother appeals. We reverse.

A hearing was necessary to determine whether the totality of the circumstances warranted a modification of the visitation order and whether such a change is in the best interests of the child (*see Matter of Athena H.M. v Samuel M.*, 143 AD3d 561 [2016]; *see also S.L. v J.R.*, 27 NY3d 558, 564 [2016]). The

child's wishes, to be discerned from an interview, should be considered in making the determination (*see Matter of Athena H.M. v Samuel M.*, 143 AD3d 561 [2016]).

Moreover, it was improper for the Family Court to rely exclusively on the therapist's recommendation in making the visitation determination (*see Matter of Grisanti v Grisanti*, 4 AD3d 471, 474 [2004]; *Johnson v Johnson*, 303 AD2d 641 [2003]). Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.