■ STEVEN J. GENTILE, Appellant, v GARRETT COBB GENTILE, Respondent. [52 NYS3d 420]—

Appeals by the father from (1) an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), entered July 23, 2015, and (2) an order of that court dated May 11, 2016. The order entered July 23, 2015, insofar as appealed from, without a hearing, in effect, denied that branch of the father's motion which was to modify the custody provisions of the parties' judgment of divorce so as to award him sole custody of the parties' child, and set forth a new visitation schedule for the parties. The order dated May 11, 2016, insofar as appealed from, modified the visitation schedule set forth in the order entered July 23, 2015, and directed that the father pay the costs of the child's summer camp for 2015 and 2016.

Ordered that the order entered July 23, 2015, is reversed insofar as appealed from, on the law, without costs or disbursements; and it is further,

Ordered that the order dated May 11, 2016, is modified, on the law, by deleting the provision thereof modifying the visitation schedule set forth in the order entered July 23, 2015; as so modified, the order dated May 11, 2016, is affirmed insofar as appealed from, without costs or disbursements; and it is further, ther,

Ordered that the matter is remitted to the Supreme Court, Rockland County, for a hearing on that branch of the father's motion which was to modify the custody provisions of the parties' judgment of divorce so as to award him sole custody of the parties' child, and a new determination of that branch of the father's motion thereafter; and it is further,

Ordered that pending the hearing and new determination, the provisions of the order entered July 23, 2015, as modified by the order dated May 11, 2016, regarding custody and visitation of the parties' child, shall remain in effect.

The parties were married in 2005, and have one child, born in September 2007. In 2010 the parties entered into a separation agreement which provided that they would have joint physical and legal custody of the child, and further provided a visitation schedule. The father commenced this action for a divorce in 2011. After a nonjury trial, addressing the parties' grounds for divorce and the parties' applications for modification of the custody provisions set forth in the separation agreement, the Supreme Court, in a decision dated January 25, 2013, determined that the custody arrangement set forth in the parties' separation agreement would remain in effect. A judgment of divorce, entered July 8, 2013, provided that the parties would have joint physical and legal custody of the child, with each party having visitation with the child as set forth in the separation agreement.

By order to show cause dated November 1, 2013, the father moved, inter alia, to modify the custody provisions of the parties' judgment of divorce so as to award him sole custody of the child. In an affidavit in support of the motion, the father alleged that on October 31, 2013, he observed the mother, who had a history of alcohol abuse, to be in an intoxicated condition. The police were called and responded, and the mother could not tell the officers where her other child, who was then 18 months old, was located. The mother was transported to the hospital, where she could not provide police officers or hospital staff with her live-in boyfriend's cell phone number or work number. The father further alleged that the mother's blood alcohol content was determined to be over .35%. Pending the determination of the father's motion, the Supreme Court awarded the father temporary sole custody of the child.

Between November 13, 2013, and September 5, 2014, the parties appeared before the Supreme Court on various dates, and the court appointed Dr. Raymond A. Griffin to complete a forensic chemical dependency evaluation report regarding the mother.

By order entered July 23, 2015, based on the conferences held and Dr. Griffin's forensic report, the Supreme Court, without a hearing, inter alia, in effect, denied that branch of the father's motion which was to modify the custody provisions set forth in the parties' judgment of divorce so as to award him sole custody of the parties' child, and set forth a new visitation schedule for the parties. By order dated May 11, 2016, the court, inter alia, modified the visitation schedule set forth in the order entered July 23, 2016. The father appeals.

"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child" (*Matter of Fallarino v Ayala*, 41 AD3d 714, 714 [2007]; *see Matter of O'Shea v Parker*, 116 AD3d 1051 [2014]; *Nusbaum v Nusbaum*, 106 AD3d 791, 793 [2013]; *Matter of Ross v Ross*, 68 AD3d 878, 878 [2009]). A parent seeking a change of custody is not automatically entitled to a hearing; rather, he or she must make some evidentiary showing of a change in circumstances demonstrating a need for a change of custody in order to insure the child's best interests (*see Matter of O'Shea v Parker*, 116 AD3d at 1051-1052; *Nusbaum v Nusbaum*, 106 AD3d at 793; *Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640, 641 [2013]; *Matter of Ross v Ross*, 68 AD3d at 878).

Here, the father made the necessary showing entitling him to a hearing regarding that branch of his motion which was to modify the custody provisions of the parties' judgment of divorce (*see Nusbaum v Nusbaum*, 106 AD3d at 793; *Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d at 641; *Matter of Ross v Ross*, 68 AD3d at 878). Furthermore, the record does not demonstrate that the Supreme Court possessed adequate relevant information to enable it to make an informed and provident determination as to the child's best interests so as to render a hearing unnecessary (*see S.L. v J.R.*, 27 NY3d 558, 563 [2016]; *Nusbaum v Nusbaum*, 106 AD3d at 793; *Matter of Schyberg v Peterson*, 105 AD3d 857, 858 [2013]; *Matter of Riemma v Cascone*, 74 AD3d 1082, 1083 [2010]). "A decision regarding child custody should be based on admissible evidence" (*S.L. v J.R.*, 27 NY3d at 564). Here, in making its determination, the court relied on information provided at the court conferences, and the hearsay statements and conclusions of the forensic evaluator, Dr. Griffin, whose opinions and credibility were untested by either party (*see id.*).

Accordingly, the Supreme Court erred when it, in effect, denied that branch of the father's motion which was for an order modifying the custody provisions set forth in the judgment

of divorce so as to award him sole custody of the child, and set forth a new visitation schedule for the parties, without first conducting a hearing to ascertain the child's best interests (*see id.*; *Nusbaum v Nusbaum*, 106 AD3d at 793; *Galanti v Kraus*, 85 AD3d 723, 724 [2011]).

The father's remaining contention is without merit.

Accordingly, we remit the matter to the Supreme Court, Rockland County, for a hearing on that branch of the father's motion which was to modify the custody provisions set forth in the judgment of divorce so as to award him sole custody of the child, and a new determination of that branch of the motion thereafter. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.