Appeal by the father from an order of the Family Court, Kings County (Denise M. Valme-Lundy, Ct. Atty. Ref.), dated June 16, 2016. The order, without a hearing, in effect, denied the father’s petition for increased visitation and indefinitely suspended his visitation with the subject child.
 

 Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing on the father’s petition and a new determination thereafter; and it is further,
 

 Ordered that pending the hearing and new determination, the father’s visitation with the subject child shall remain suspended.
 

 The parties, who were never married, are the parents of a child born in 2004. In November 2013, the Family Court awarded the mother sole custody of the child and awarded the father visitation. In September 2014, the father filed a petition seeking increased visitation with the child. The court assigned counsel to represent the mother, re-appointed an attorney for the father and an attorney for the child, and adjourned the matter for a conference. Thereafter, based on statements that the father made during a court appearance, the court referred the father, with his consent, for a mental health evaluation and, by order dated August 28, 2015, temporarily suspended visitation pending the results of the evaluation. Following the evaluation of the father, the court permitted telephone contact between the father and the child, but the child eventually refused to have any contact with the father and the court again temporarily suspended all visitation and adjourned the matter for a conference. Thereafter, the court adjourned the matter for receipt of results of an observation and evaluation of the child and the father, and if that had not occurred, for a conference. At the subsequently scheduled conference, the court indicated that it required more information and suggested that the father’s attorney subpoena the father’s psychiatrist to testify. The parties also discussed with the court the issue of whether another forensic evaluation should be ordered. The court initially indicated that it would not order another forensic evaluation, then changed its position and agreed to order an evaluation conducted by a psychologist, and thereafter changed its position again and indicated that it was entering a final order suspending the father’s visitation with the child. The court indicated that visits would be suspended pending a future modification petition by the father demonstrating the father’s substantial participation in mental health treatment. The father’s counsel twice attempted to make a record in response to the court’s ruling, but was interrupted, first by the court and then again when the electronic recording of the proceeding was abruptly ended. Thereafter, by order dated June 16, 2016, the court, without a hearing, in effect, denied, the father’s petition for increased visitation and indefinitely suspended his visitation with the child.
 

 Generally, where a facially sufficient petition has been filed, modification of a Family Ct Act article 6 custody and visitation order requires a full and comprehensive hearing at which a parent is to be afforded a full and fair opportunity to be heard (see Matter of Buck v Buck, 154 AD3d 1134 [2017]; Matter of Schroll v Wright, 135 AD3d 1028 [2016]; Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d 1083, 1084 [2011]). A decision regarding child custody and visitation should be based on admissible evidence (see S.L. v J.R., 27 NY3d 558, 564 [2016]; Gentile v Gentile, 149 AD3d 916, 918 [2017]; Matter of Chaya S. v Frederick Herbert L., 266 AD2d 219 [1999]). Here, the Family Court relied on information provided at the court conferences, and the hearsay statements and conclusions of mental health providers whose opinions and credibility were untested by either party (see S.L. v J.R., 27 NY3d at 564; Gentile v Gentile, 149 AD3d at 918).
 

 Under the circumstances of this case, the Family Court erred when it, without a hearing, in effect, denied the father’s petition for increased visitation and indefinitely suspended his visitation with the child (see S.L. v J.R., 27 NY3d at 564; Gentile v Gentile, 149 AD3d at 918; Matter of McCullough v Harris, 119 AD3d 992, 993 [2014]; Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d at 1084; Matter of Middlemiss v Pratt, 86 AD3d 658, 659 [2011]).
 

 Accordingly, we remit the matter to the Family Court, Kings County, for a hearing on the father’s petition and a new determination thereafter.
 

 Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.