Matter of Feliciano v King (2018 NY Slip Op 02618)





Matter of Feliciano v King


2018 NY Slip Op 02618


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-02456
 (Docket No. V-4338-10/16H/16I)

[*1]In the Matter of Dolores Feliciano, appellant, 
v
Andrew King, respondent.


Marina M. Martielli, East Quogue, NY, for appellant.
Beth A. Rosenthal, Deer Park, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated January 12, 2017. The order granted the father's motion to dismiss the mother's petition to modify an order of custody so as to award her sole custody of the parties' child, and denied, as academic, the mother's motion to remove the attorney for the child from the case.
ORDERED that the order is affirmed, without costs or disbursements.
In this child custody proceeding, the mother filed a petition to modify the parties' custody arrangement, as set forth in a so-ordered stipulation, so as to award her sole custody of the parties' child. The father moved to dismiss the petition, and the mother moved to remove the attorney for the child from the case. The Family Court granted the father's motion, finding that the mother had failed to set forth a sufficient change in circumstances to warrant a hearing, and denied the mother's motion as academic. The mother appeals.
The Family Court properly granted the father's motion to dismiss the mother's petition without a hearing. In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child (see Matter of Baalla v Baalla, 158 AD3d 678; Matter of Cusano v Coitino, 155 AD3d 722, 723; Gentile v Gentile, 149 AD3d 916, 918). A parent seeking a change of custody is not automatically entitled to a hearing; rather, he or she must make an evidentiary showing of a [*2]change in circumstances demonstrating a need for a change of custody in order to insure the child's best interests (see Gentile v Gentile, 149 AD3d at 918; Matter of Ruiz v Sciallo, 127 AD3d 1205, 1206; Matter of Dana H. v James Y., 89 AD3d 844, 845). Here, the mother failed to make an evidentiary showing that there had been a change in circumstances sufficient to warrant a change in custody. The unsubstantiated and conclusory allegations in her petition were insufficient to warrant a hearing (see Matter of Chichra v Chichra, 148 AD3d 883, 885; Matter of Ali v Hines, 125 AD3d 851, 851-852).
The Family Court correctly denied, as academic, the mother's motion to remove the attorney for the child.
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court