Matter of King v Peters (2018 NY Slip Op 06538)





Matter of King v Peters


2018 NY Slip Op 06538


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-04116
 (Docket Nos. V-16289-11/15B, V-16289-11/15C)

[*1]In the Matter of Jasmine King, appellant, 
v
John J. Peters, respondent. (Proceeding No. 1)
In the Matter of John J. Peters, respondent,
v
Jasmine King, appellant. (Proceeding No. 2)


Christina T. Hall, Harrison, NY, for appellant.
Karen M. Jansen, White Plains, NY, for respondent.
Stephen P. Gold, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated January 6, 2017. The order, without a hearing, in effect, denied the mother's petition to modify the parental access provision of a prior order of the same court (Janet Malone, J.) dated December 3, 2012, and limited the mother to parental access with the parties' child supervised by the YWCA.
ORDERED that the order dated January 6, 2017, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a hearing on the mother's petition and a new determination thereafter; and it is further,
ORDERED that pending the hearing and new determination, the mother's parental access with the parties' child shall remain supervised by the YWCA.
The parties are the parents of one child, born in 2011. In an order dated December 3, 2012, the Family Court, upon the parties' consent, awarded the parties joint legal custody of the child, with physical custody to the father. The order stated that "the parties agree to spend equal time" with the child. In June 2015, the mother filed a petition to modify the order so as to award her a set schedule of parental access and communication with the child. In July 2015, the father filed a petition seeking, inter alia, to modify the order so as to direct that the mother have only supervised parental access with the child. The court issued a temporary order limiting the mother to parental access with the child supervised by the YWCA. The court also appointed a neutral forensic evaluator to conduct an evaluation of the parties.
In August 2016, the parties entered into a stipulation that was placed on the record in open court, agreeing, inter alia, that the mother would have parental access with the child on alternating Sundays, supervised by the father's sister, and that the mother would have contact via cell phone with the child on certain days and at certain times. The father withdrew his petition, and the Family Court, in effect, directed the mother to submit a proposed order modifying the terms of the prior order of custody and parental access pursuant to the stipulation. However, the court subsequently declined to enforce the stipulation, stating at a proceeding on January 6, 2017, that the order submitted to the court for signature was "not correct" and that the "proper thing to do" was to continue parental access supervised by the YWCA. In an order dated January 6, 2017, the court, without a hearing, in effect, denied the mother's petition and limited the mother to parental access with the child supervised by the YWCA. The mother appeals.
" A party seeking to modify a prior visitation order must show that there has been a sufficient change in circumstances since the entry of the order such that modification is warranted to further the [child]'s best interests'" (Matter of Henry v Tucker, 157 AD3d 892, 893, quoting Matter of Licato v Jornet, 146 AD3d 787, 787; see Matter of Miller v Shaw, 160 AD3d 743, 744). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174), and "[s]upervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (Cervera v Bressler, 50 AD3d 837, 839 [internal quotation marks omitted]). "Generally, where a facially sufficient petition has been filed, modification of a Family Ct Act article 6 custody and visitation order requires a full and comprehensive hearing at which a parent is to be afforded a full and fair opportunity to be heard" (Matter of Edmunds v Fortune, 156 AD3d 880, 881; see Matter of Buck v Buck, 154 AD3d 1134; Matter of Izquierdo v Santiago, 151 AD3d 967, 968; Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d 1083, 1084). A decision regarding child custody and visitation should be based on admissible evidence (see S.L. v J.R., 27 NY3d 558, 564; Gentile v Gentile, 149 AD3d 916, 918; Matter of Chaya S. v Frederick Herbert L., 266 AD2d 219).
Here, the Family Court should not have, without a hearing, in effect, denied the mother's petition and limited the mother to parental access with the child supervised by the YWCA (see Matter of Edmunds v Fortune, 156 AD3d at 882; Matter of Jennifer J.H. v Artrieo J.R., 148 AD3d 809; Matter of Athena H.M. v Samuel M., 143 AD3d 561, 562; Matter of McCullough v Harris, 119 AD3d 992, 993). Accordingly, we remit the matter to the Family Court, Westchester County, for a hearing on the mother's petition and a new determination thereafter.
The mother's remaining contention is without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court