Matter of Migliore v Santiago (2018 NY Slip Op 06911)





Matter of Migliore v Santiago


2018 NY Slip Op 06911


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-07791
 (Docket No. V-13187-14)

[*1]In the Matter of Julie Migliore, respondent, 
v
Marc Santiago, appellant.


Nancy C. Nissen, White Plains, NY, for appellant.
Delbello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Jennifer Jill O'Hara of counsel), for respondent.
Patrick J. Carle, New City, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated July 6, 2017. The order, without a hearing, in effect, granted the mother's petition to modify a prior order of parental access of the same court dated November 9, 2015, and, in effect, denied the father's petitions to, inter alia, modify a prior order of custody of the same court dated February 10, 2015.
ORDERED that the order dated July 6, 2017, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a hearing to determine the best interests of the child and for a new determination on the parties' petitions.
The parties are the biological parents of the subject child, who was born in 2013. In an order dated February 10, 2015 (hereinafter the February 2015 Order), the Family Court awarded the mother sole legal and physical custody of the child and thereafter, in an order dated November 9, 2015 (hereinafter the November 2015 Order), awarded supervised access to the child by the father consisting of at least two visits per month supervised by either the paternal grandparents or the paternal great-grandparents. Thereafter, in July 2016, the mother filed two petitions; one alleged that the father violated the November 2015 Order by having unsupervised contact with the child, and the other sought to modify the November 2015 Order. The father also filed two separate petitions, both, in effect, seeking to modify the November 2015 Order and the February 2015 Order so as to award him joint custody and expanded parental access with the subject child; and one controverting the mother's allegation that he had unsupervised contact with the child.
The parties appeared before the Family Court on various dates between August 16, 2016, and July 6, 2017, and the court appointed a forensic evaluator to complete a forensic evaluation of the parties. In an order dated July 6, 2017 (hereinafter the July 2017 Order), based on court conferences and the forensic evaluator's report, the Family Court, without a hearing, in effect, granted the mother's modification and violation petitions by modifying the November 2015 Order and, in effect, denied the father's petitions. The father appeals.
Where a facially sufficient petition has been filed, modification of orders relating to custody and visitation generally require a full and comprehensive hearing at which a parent is to be afforded a full and fair opportunity to be heard (see Matter of Edmunds v Fortune, 156 AD3d 880, 881; Matter of Buck v Buck, 154 AD3d 1134, 1135). A decision regarding child custody and parental access should be based on admissible evidence (see S.L. v J.R., 27 NY3d 558, 564; Gentile v Gentile, 149 AD3d 916, 918). Here, in making its determination, the Family Court relied solely on information provided at court conferences, and the hearsay statements and conclusions of the forensic evaluator, whose opinions and credibility were untested by either party (see S.L. v J.R., 27 NY3d at 564). The court should have conducted a hearing to ascertain the child's best interests before it modified the November 2015 Order (see Matter of Jennifer J.H. v Artrieo J.R., 148 AD3d 809, 809-810). Thus, the July 2017 Order must be reversed and the matter remitted to the Family Court, Westchester County, for a hearing on the parties' petitions and a new determination thereafter.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court