Matter of Werner v Mazzenga (2019 NY Slip Op 05674)





Matter of Werner v Mazzenga


2019 NY Slip Op 05674


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-04337
 (Docket Nos. F-1222-09/17H/17I/17K, F-1282-09/17A/17B, V-2133-17/17A/17B/17C)

[*1]In the Matter of Robert Werner, appellant,
v
Heather Mazzenga, etc., respondent.


The Hilpert Law Offices, Croton-on-Hudson, NY (Jeffrey P. Rogan of counsel), for appellant.
Legal Aid Society of Rockland County, New City, NY (Harvey A. Eilbaum of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Keith J. Cornell, J.), dated February 28, 2018. The order, insofar as appealed from, without a hearing, granted that branch of the mother's motion which was pursuant to CPLR 3211(a)(7) to dismiss the father's petition to modify, in effect, the custody and parental access provisions in the parties' judgment of divorce entered April 29, 2011, upon two prior orders dated July 26, 2010 and March 21, 2011, respectively, so as to award him custody of the parties' child or, in the alternative, to terminate his child support obligation and cancel child support arrears that accrued prior to the filing of the petition, and denied those branches of the father's motion which were to enforce the provision in the order dated July 26, 2010, granting him access to the child's school and medical records, and to enforce the provision in the order dated March 21, 2011, granting him telephone access with the child.
ORDERED that the order dated February 28, 2018, is modified, on the law, by deleting the provision thereof denying that branch of the father's motion which was to enforce the provision in the order dated July 26, 2010, granting him access to the child's school and medical records, and substituting therefor a provision granting that branch of the motion; as so modified, the
order dated February 28, 2018, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for the entry of an appropriate order directing the mother to grant the father access to the child's school and medical records.
The parties are the divorced parents of one child, who was born in 2001. An order dated July 26, 2010 (hereinafter the July 2010 order), awarded the parties joint legal custody of the child, with primary residential custody to the mother and parental access to the father. The order also, among other things, granted the father access to the child's school and medical records. The father moved to Florida in late 2010. In a subsequent order dated March 21, 2011 (hereinafter the March 2011 order), the father's parental access was terminated, except for telephone access with the child. A judgment of divorce entered April 29, 2011, upon the father's default, recited, inter alia, that the July 2010 order and the March 2011 order "are continued."
In July 2017, the father, acting pro se, commenced this proceeding to modify, in effect, the custody and parental access provisions in the parties' judgment of divorce, alleging that a change in circumstances warranted an award of custody of the child to him or, in the alternative, termination of his child support obligation and cancellation of his child support arrears. The mother opposed the petition and moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the petition. The father subsequently moved, among other things, to enforce the provision in the July 2010 order granting him access to the child's school and medical records, and to enforce the provision in the March 2011 order granting him telephone access with the child. In an order dated February 28, 2018, the Family Court, inter alia, without a hearing, granted that branch of the mother's motion which was pursuant to CPLR 3211(a)(7) to dismiss the father's petition, and denied the father's motion. The father appeals.
" In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child'" (Matter of Gurewich v Gurewich, 58 AD3d 628, 629, quoting Matter of Fallarino v Ayala, 41 AD3d 714, 714; see Matter of Newton v McFarlane, _____ AD3d _____, 2019 NY Slip Op 04386 [2d Dept 2019]; Matter of Pignataro v Davis, 8 AD3d 487, 488). "A party seeking a change in [parental access] or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (Matter of Stones v VanDenberge, 167 AD3d 909, 909 [internal quotation marks omitted]; see Gentile v Gentile, 149 AD3d 916, 918; Matter of Gurewich v Gurewich, 58 AD3d at 629). Here, the father's petition failed to allege a sufficient change in circumstances between the issuance of the judgment of divorce and the filing of his petition. Accordingly, we agree with the Family Court's determination to direct dismissal of the father's petition, without a hearing (see Matter of Newton v McFarlane, _____ AD3d _____, 2019 NY Slip Op 04386; Matter of Stones v VanDenberge, 167 AD3d at 909; Matter of Valencia v Ripley, 128 AD3d 711, 713).
The attorney for the child reported to the Family Court, and continues to do so on this appeal, that the child, who is almost 18 years old by now, does not wish to have any further contact with the father. Under these circumstances, we agree with the court's determination to decline to enforce the provision in the March 2011 order granting the father telephone access with the child (see Matter of Coull v Rottman, 131 AD3d 964; Koppenhoefer v Koppenhoefer, 159 AD2d 113). However, the court should not have denied that branch of the father's motion which sought access to the child's school and medical records, as the father was entitled to that information pursuant to the terms of the July 2010 order. Accordingly, that branch of the father's motion must be granted, and the matter must be remitted to the Family Court, Rockland County, for the entry of an appropriate order directing the mother to grant the father access to the child's school and medical records.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court