Katsoris v Katsoris (2019 NY Slip Op 08833)





Katsoris v Katsoris


2019 NY Slip Op 08833


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-14911
2018-14923
 (Index No. 63009/16)

[*1]Louis Katsoris, respondent, 
v
Valerie Katsoris, appellant.


Quatela Chimeri PLLC, Hauppauge, NY (Christopher J. Chimer, Joseph Covello, and Sophia Arzoumanidis of counsel), for appellant.
Louis Katsoris, Harrison, NY, respondent pro se.
Carton & Rosoff PC, White Plains, NY (Robin D. Carton of counsel), attorney for the child.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated May 4, 2018, the defendant appeals from (1) an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated November 15, 2018, and (2) an order of the same court dated November 30, 2018. The order dated November 15, 2018, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was to modify the parental access provisions of the parties' judgment of divorce with respect to their youngest child. The order dated November 30, 2018, modified the parental access provisions of the parties' judgment of divorce with respect to their youngest child. By decision and order on motion dated January 16, 2019, this Court granted that branch of the defendant's motion which was to stay enforcement of the orders pending the hearing and determination of the appeals.
ORDERED that the order dated November 15, 2018, is reversed insofar as appealed from, on the law, the order dated November 30, 2018, is vacated, and the matter is remitted to the Supreme Court, Westchester County, for an expedited hearing on that branch of the plaintiff's motion which was to modify the parental access provisions of the parties' judgment of divorce with respect to the parties' youngest child and a new determination thereafter of that branch of the plaintiff's motion; and it is further,
ORDERED that the appeal from the order dated November 30, 2018, is dismissed as academic in light of our determination on the appeal from the order dated November 15, 2018; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The parties were married in 1996 and have three children, the youngest of whom was born in 2010. The defendant commenced an action for a divorce and ancillary relief in 2016. On February 13, 2018, the parties entered into a custody and parenting stipulation (hereinafter the [*2]custody stipulation), which provided, inter alia, that the parties would have shared residential custody of their youngest child and parental access pursuant to a schedule provided therein. The custody stipulation also provided that the parties were to engage a family specialist, whose written recommendations the parties agreed could be submitted to the court. The custody stipulation was incorporated but not merged into the parties' judgment of divorce dated May 4, 2018.
By order to show cause dated June 22, 2018, the plaintiff moved, among other things, to modify the parental access provisions of the judgment of divorce. In an affidavit in support of the motion, the plaintiff alleged, inter alia, that on June 13, 2018, the defendant threatened him with physical harm at a graduation ceremony in front of their youngest child (hereinafter the child). The plaintiff also alleged, among other things, that the child was distressed by an upcoming increase in the defendant's parental access and had developed a twitch.
The defendant opposed the motion, and submitted, inter alia, her own affidavit in which she contradicted the plaintiff's allegations and alleged that the child's reluctance to spend time with her was the result of the plaintiff's actions. The attorney for the child submitted an affirmation in which, among other things, she supported the plaintiff having primary residential custody of the child. In an unsworn report dated September 11, 2018, Elliott J. Rosen, who was the parties' family specialist pursuant to a family specialist agreement, recommended, inter alia, that no changes be made to the parental access schedule for the child. In an updated unsworn report dated November 1, 2018, Rosen recommended, among other things, that the defendant's parental access with the child be reduced to eight hours a week, during which time the defendant and the child should be accompanied by a therapeutically trained professional. Between June 22, 2018, and November 5, 2018, the parties and the attorney for the child appeared before the Supreme Court on several dates.
By order dated November 15, 2018, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to modify the parental access provisions of the parties' judgment of divorce with respect to the child. By order dated November 30, 2018, the court, among other things, directed that the defendant's access with the child would be for two hours on Tuesdays and Thursdays and four hours on Saturdays, with a specified portion of each in the presence of a therapeutically trained professional. The defendant appeals.
In order to modify an existing court-sanctioned custody or parental access agreement, there must be a showing that there was a sufficient change in circumstances so that modification is required to protect the best interests of the child (see Matter of Newton v McFarlane, 174 AD3d 67, 76; Henrie v Henrie, 163 AD3d 927, 928; Matter of Miller v Shaw, 160 AD3d 743, 744; Gentile v Gentile, 149 AD3d 916, 918; Matter of Grant v Grant, 89 AD3d 1023, 1024). "A party seeking a change in [parental access] or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (Matter of Werner v Mazzenga, 174 AD3d 727, 728-729 [internal quotation marks omitted]; see Gentile v Gentile, 149 AD3d at 918). As a general matter, custody and parental access determinations should only be rendered after a full hearing (see S.L. v J.R., 27 NY3d 558, 563; Matter of Guy v Weichel, 173 AD3d 1028, 1030). However, this general right is not absolute (see S.L. v J.R., 27 NY3d at 563), and a hearing "is not necessary where the undisputed facts before the court are sufficient, in and of themselves, to support a modification of custody" (Loggia v Verardo, 167 AD3d 612, 613).
The plaintiff made the necessary showing entitling him to a hearing regarding that branch of his motion which was to modify the parental access provisions of the judgment of divorce with respect to the child (see Gentile v Gentile, 149 AD3d at 918; Matter of Gonzalez v Hunter, 137 AD3d 1339, 1341; Anonymous 2011-1 v Anonymous 2011-2, 102 AD3d 640, 641; Matter of Boggio v Boggio, 96 AD3d 834, 835). The record shows that there were disputed factual issues regarding the child's best interests such that a hearing on modification of parental access was required (see S.L. v J.R., 27 NY3d at 564; Matter of Fernandez v Saunders, 174 AD3d 531, 532; Matter of Williams v Jenkins, 167 AD3d 758, 760; Cieri v Cieri, 56 AD3d 409, 410-411). Further, "[a] decision regarding child custody and parental access should be based on admissible evidence" (Matter of Migliore v Santiago, 165 AD3d 942, 943; see S.L. v J.R., 27 NY3d at 564; Gentile v Gentile, 149 AD3d at 918). Here, in making its determination, the Supreme Court relied solely on information [*3]provided at court conferences, and the hearsay statements and conclusions of the family specialist, whose opinions and credibility were untested by either party (see S.L.v J.R., 27 NY3d at 564; Matter of Migliore v Santiago, 165 AD3d at 944; Gentile v Genile, 149 AD3d at 918). The court should have conducted a hearing to ascertain the child's best interests before it modified the parental access provisions of the judgment of divorce (see Matter of Migliore v Santiago, 165 AD3d at 944). Accordingly, we remit the matter to the Supreme Court, Westchester County, for an expedited hearing on that branch of the plaintiff's motion which was to modify the parental access provisions of the parties' judgment of divorce with respect to their youngest child and a new determination of that branch of the plaintiff's motion thereafter.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court