Matter of Mansilla v Santiago (2019 NY Slip Op 09269)





Matter of Mansilla v Santiago


2019 NY Slip Op 09269


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-13238
 (Docket Nos. V-1207-15, V-1208-15, O-1483-18)

[*1]In the Matter of Marlon Mansilla, respondent,
v
Amanda Santiago, appellant. (Proceeding No. 1.)
In the Matter of Amanda Santiago, appellant,Marlon Mansilla, respondent. (Proceeding No. 2.)


Salihah R. Denman, Harrison, NY, for appellant.
Kelli M. O'Brien, Goshen, NY, for respondent.
Patrick J. Carle, New City, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated October 15, 2018. The order, insofar as appealed from, after a hearing, granted the father's petition to modify a prior order of custody dated May 22, 2017, so as to award him sole legal and physical custody of the parties' two children, and, in effect, denied the mother's family offense petition and dismissed the proceeding.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
" An order of custody or [parental access] may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child'" (Matter of Bacchus v McGregor, 147 AD3d 1049, 1050, quoting Matter of C.H. v F.M., 130 AD3d 1028, 1028). Contrary to the mother's contention, the father alleged a change of circumstances sufficient to warrant a hearing (cf. Matter of Ross v Ross, 68 AD3d 878; Matter of Gurewich v Gurewich, 58 AD3d 628).
"Custody determinations largely depend upon the Family Court's assessments of the credibility, character, temperament, and sincerity of the parties'" (Matter of Dockery v Reid-O'Garro, 161 AD3d 1147, 1148, quoting Matter of Lao v Gonzales, 130 AD3d 624, 625). The Family Court's credibility findings should be accorded great weight, and its determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Dockery v Reid-O'Garro, 161 AD3d 1147). Here, there was a sound and substantial basis for the Family Court's determination that changed circumstances warranted awarding the father sole legal and [*2]physical custody of the parties' two children.
In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition (see Matter of Bah v Bah, 112 AD3d 921). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal (see Matter of Nusbaum v Nusbaum, 59 AD3d 725). Here, the Family Court properly determined, after a hearing, that the mother failed to establish, by a preponderance of the evidence, that the father committed a family offense (see Family Ct Act § 812[1]; Matter of Graham v Rawley, 147 AD3d 1053). Accordingly, we agree with the court's determination, in effect, denying the family offense petition and dismissing the proceeding.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court