Santana v MMF 1212 Assoc L.L.C. (2021 NY Slip Op 00133)





Santana v MMF 1212 Assoc L.L.C.


2021 NY Slip Op 00133


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 21150/16E Appeal No. 12852 Case No. 2019-4785 

[*1]Juan C. Santana, Plaintiff-Respondent,
v
MMF 1212 Assoc L.L.C., et al., Defendants-Respondents-Appellants, 1212 Grand Concourse LLC, Defendant, Richard Mishkin Contracting Inc., Defendant-Appellant-Respondent.


Baxter Smith & Shapiro, P.C., Hicksville (Robert C. Baxter of counsel), for appellant-respondent.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale (Michael T. Reagan of counsel), for respondents-appellants
Trolman Glaser Corley & Lichtman, P.C., New York (Dennis Bellovin of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J), entered May 8, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Richard Mishkin Contracting Inc.'s motion for summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) §§ 23-1.8(c) and 23-3.3(c) and the cross claims for common-law contribution and indemnification, and granted defendants MMF 1212 Associations LLC and Finkelstein Timberger East Real Estate LLC's (collectively MMF) motion for summary judgment dismissing the Labor Law § 200 claim as against them, unanimously affirmed, without costs.
Plaintiff alleges that he was injured while performing demolition work in an apartment bathroom when a portion of the ceiling fell and struck him on his head and body. Defendants Mishkin and MMF failed to establish prima facie that plaintiff's Labor Law § 241(6) claim predicated on alleged violations of Industrial Code (12 NYCRR) §§ 23-1.8(c) and 23-3.3(c) should be dismissed as against them, i.e., that the bathroom where plaintiff was performing demolition work was not an "area where there [was] a danger of being struck by falling objects or materials" (12 NYCRR 23-1.8[c]) and therefore a safety hat did not need to be provided (see Seales v Trident Structural Corp., 142 AD3d 1153, 1156-1157 [2d Dept 2016]). Defendants also failed to establish prima facie that there was no violation of 12 NYCRR 23-3.3(c), which provides that "[d]uring hand demolition operations, continuing inspections shall be made by designated persons . . . to detect any hazards to any person resulting from weakened or deteriorated floors or walls or from loosened material."
The Labor Law § 200 claim was correctly dismissed as against MMF, as plaintiff did not oppose the dismissal, and the undisputed evidence shows that MMF neither created or had knowledge of the alleged defect or dangerous condition that caused the accident nor exercised control over the injury-producing work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [2012]).
In support of dismissal of the cross claims for common-law contribution and indemnification, Mishkin failed to establish prima facie through "competent medical evidence" that plaintiff's brain injury was not "grave" (Workers' Compensation Law § 11; see Altonen v Toyota Motor Credit Corp., 32 AD3d 342 [1st Dept 2006]). In any event, an issue of fact is presented by the conflicting expert opinions (see Cioffi v S.M. Foods, Inc., 78 AD3d 1006, 1013 [2d Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021